510 P.2d 308

**William Ronald CONNER, Plaintiff-Appellant,**

v.

**The STATE of Idaho, Defendant-Respondent.**

**No. 11119.**

Supreme Court of Idaho.

May 21, 1973.

Gary L. Morgan, Gigray, Downen & Morgan, Caldwell, for plaintiff-appellant.

W. Anthony Park, Atty. Gen., Warren Felton, Deputy Atty. Gen., Boise, C. Robert Yost, Pros. Atty., Canyon County, Caldwell, for defendant-respondent.

SHEPARD, Justice.

This is an appeal from a denial of a petition for post-conviction relief. We affirm the action of the District Court. Petitioner-Appellant Conner was arrested in Idaho on November 7, 1951 and charged with rape. He was arraigned on December 29, 1951 and stated at that time that he did not require legal counsel. Conner pleaded guilty to the charge of rape and, on January 4, 1952, he was sentenced to an indeterminate term in the State Penitentiary not to exceed 25 years. He was discharged from the Idaho Penitentiary on April 24, 1961. On April 24, 1962 Conner was arrested in Kentucky and charged with the crime of armed robbery. Thereafter he was convicted and sentenced to life imprisonment.

In May, 1968 Conner initiated the instant action by filing a *pro se* petition in the district court in Idaho, attacking his 1951 rape conviction under the authority of Idaho's Uniform Post-Conviction Procedure Act. I.C. § 19–4901 to 19–4911. The district court appointed counsel to represent Conner and he has been represented by court-appointed counsel throughout all stages, including this appeal.

The district court ordered the Canyon County Prosecuting Attorney to take all steps necessary to secure Conner's presence at a hearing on his petition for post-conviction relief. Kentucky's Attorney General refused to allow Conner to leave the Kentucky Penitentiary to attend the Idaho post-conviction relief hearing. Apparently Conner sought federal *habeas corpus* relief to require the State of Kentucky to permit him to attend the Idaho post-conviction hearing, but the record before us does not reflect the outcome of those proceedings.

Apparently the difficulties in securing Conner's presence at the post-conviction hearing caused a protracted series of postponements of that hearing. In May, 1970 Conner filed a *pro se* document indicating his inability to attend the Idaho post-conviction hearing, stating his belief that the court would preserve and protect his rights even in his absence, and moving for an immediate hearing at a date certain.[1]

On October 22, 1970 the district court held a hearing in Conner's absence on the petition for post-conviction relief. At the hearing Conner was represented by his court-appointed attorney who never objected to the proceedings being held in Conner's absence, nor did he request the presence of Conner. On December 4, 1970, Conner filed his motion for a new trial on

---

1.

CANYON COUNTY DISTRICT COURT
CALDWELL, IDAHO

WILLIAM RONALD CONNER,
        Petitioner
  –VS–
STATE OF IDAHO,
        Respondent.

MOTION FOR IMMEDIATE HEARING ON MOTION TO VACATE JUDGMENT PURSUANT TO IDAHO CODE 19–856

MAY IT PLEASE THE COURT:

Comes now petitioner, William Ronald Conner, and respectfully prays and moves the Court to enter an order setting a date certain and predetermined by the Court for a hearing on the above-entitled cause of action for the following reasons, to-wit:

1. This case has been pending for nearly two years and petitioner has failed in every attempt to be taken to Idaho to be present at a hearing.

2. The enclosed exhibit shows the delaying tacktics (sic) still being employed by the State of Kentucky to prohibit petitioner from being allowed to go to Idaho for a hearing.

3. Petitioner has had extreme difficulty communicating with Court appointed Counsel in Idaho receiving either belated or no reply to correspondence.

4. Petitioner received a two year (2) year, deferment on the Parole Board in November of 1968 because of "previous conviction," and since his Idaho Conviction is the only previous conviction petitioner has it is imparative (sic) that he receive some sort of action before he returns to appear before the Kentucky Parole Board in six months (November, 1970).

5. Petitioner believes this Honorable Court will preserve and protect his rights even though he is not present personally.

WHEREFORE, Petitioner, William Ronald Conner, respectfully prays and moves the Honorable Court to enter an order forthwith setting a date certain and predetermined by the Court for a hearing on petitioner's motion to vacate the judgment-conviction of 1952.

                        Respectfully submitted
                        /s/ Wm. Ronald Conner

                        William Ronald Conner, Petitioner

the ground that the district court erred in holding the hearing on Conner's petition for post-conviction relief in his absence. The district court denied that motion for a new trial.

Conner appeals both the denial of his petition for post-conviction relief and the denial of his motion for a new trial. The assignments of error relate solely to the district court's action in conducting the hearing in the absence of Conner.

In 1967 Idaho adopted a post-conviction procedure act. Relevant to the issues presented herein is I.C. § 19-4907(b):

"I.C. § 19-4907(b)

"The applicant should be produced at the hearing on a motion attacking a sentence where there are substantial issues of fact as to evidence in which he participated. The sentencing court has discretion to ascertain whether the claim is substantial before granting a full evidentiary hearing and requiring the applicant to be present. [1967, ch. 25, § 7, p. 42]" *Compare*: Revised Uniform Post-Conviction Procedure Act, § 7, Handbook of the National Conference of Commissioners on Uniform Laws (1966), p. 275.[2]

2. The application shall be heard in, and before any judge of, the court in which the conviction took place. A record of the proceedings shall be made and preserved. All rules and statutes applicable in civil proceedings including pre-trial and discovery procedures are available to the parties. The court may receive proof by affidavits, depositions, oral testimony, or other evidence and may order the applicant brought before it for the hearing. If the court finds in favor of the appli-cant, it shall enter an appropriate order with respect to the conviction or sentence in the former proceedings, and any supplementary orders as to rearraignment, re-trial, custody, bail, discharge, correction of sentence, or other matters that may be necessary and proper. The court shall make specific findings of fact, and state expressly its conclusions of law, relating to each issue presented. This order is a final judgment.

Assuming, without deciding, that Conner had a statutory right to be present at the Idaho hearing on his petition for post-conviction relief, the sole issue herein is whether, from the record before us, the district court erred in holding the hearing in Conner's absence. Conner has been represented by counsel at all stages of these proceedings. Although represented by counsel, Conner, acting *pro se,* filed his motion for an immediate hearing and expressly requested that the hearing be held in his absence.

We hold that Conner is now estopped to contend that the district court lacked jurisdiction to conduct the 1970 post-conviction relief hearing in his absence. See: Shurden v. Thomas, 134 So.2d 876 (Fla.App. 1961). Compare: Smestad v. Smestad, 94 Idaho 181, 484 P.2d 730 (1971).

The orders of the trial court denying petitions for post-conviction relief and denying the motion for a new trial are affirmed.

DONALDSON, C. J., and McQUADE, McFADDEN and BAKES, JJ., concur.