607 P.2d 1066

**Edna M. WYCKOFF, a widow,
Plaintiff-Appellant,**

v.

**BOARD OF COUNTY COMMISSIONERS
OF ADA COUNTY,
Defendant-Respondent.**

No. 12877.

Supreme Court of Idaho.

March 5, 1980.

Richard H. Greener, Clemons, Cosho & Humphrey, Boise, for plaintiff-appellant.

Jim C. Harris, Ada County Pros. Atty., John P. Connolly, Ada County Deputy Pros. Atty., Boise, for defendant-respondent.

SHEPARD, Justice.

This is an appeal from the district court's denial of plaintiff's Application for a Writ of Mandamus and a summary judgment in favor of defendant Board of County Commissioners of Ada County on its counterclaim seeking an injunction. The cause involves the permissibility of certain land use under the Ada County Zoning Ordinance. We affirm.

Plaintiff-appellant Edna Wyckoff owns real property in Ada County zoned D–2, which is an agricultural zone classification. According to her statements, Wyckoff uses her land to raise "domestic household pets for commercial or private use." She "breeds dogs, raises the resulting pups, and sells said pups." The business is advertised as the "Wyckoff Kennels" in the yellow pages of the Boise Telephone Directory. Wyckoff resides in one of the three mobile homes on her property.

Wyckoff's land had been so used for some time prior to applying to the Board of County Commissioners for zoning certificates to raise domestic household pets and erect single family dwelling units on the property. The Board refused issuance of the certificates and made a number of findings, among which were: (1) that Wyckoff's dog breeding operation constituted a "commercial kennel" which was specifically prohibited in a D–2 zone; (2) that Wyckoff's property did not have the requisite frontage on a public street necessary for the issuance of a zoning certificate permitting the construction of single family dwellings.

Thereafter, Wyckoff applied to the district court for a Writ of Mandamus compelling the Board to issue the zoning certificates, and the Board filed a counterclaim requesting an injunction to prohibit Wyckoff from maintaining the kennel and maintaining the mobile homes on her property. The district court denied Wyckoff's Application for a Writ of Mandamus on the ground that she was operating a commercial kennel which was an impermissible use of land under the Zoning Ordinance and that the Zoning Ordinance did not permit mobile homes to be placed on Wyckoff's property. The court further granted the Board's motion for summary judgment enjoining Wyckoff from operating a commercial dog kennel and maintaining mobile homes on her property.

Wyckoff asserts that she is not operating a commercial kennel and that a D–2 zone classification allows for the operation of her dog breeding business, and further that the zone classification permits construction of single family dwellings. Hence, it is asserted that the trial court erred in denying the issuance of a Writ of Mandate.

■ It is the general rule that a strong presumption exists in favor of the validity of actions of zoning boards, and such a presumption can only be overcome by a showing that the ordinance as applied is confiscatory, arbitrary, unreasonable, and capricious. *E. g., Ready-to-Pour, Inc. v. McCoy*, 95 Idaho 510, 511 P.2d 792 (1973); *Cole-Collister Fire Protection Dist. v. City of Boise*, 93 Idaho 558, 468 P.2d 290 (1970). A Writ of Mandate will lie to require administrative action in zoning matters only when the party seeking the writ "has a clear legal right to have an act performed[,] . . . the officer against whom the writ is sought has a clear duty to act . . . and . . . the act be ministerial and not require the exercise of discretion." *Saviers v. Richey*, 96 Idaho 413, 415, 529 P.2d 1285, 1287 (1974); *see* I.C. § 7–302.

The uncontroverted evidence indicates that Wyckoff maintained twenty dog kennel pens and fifty to sixty dogs on her property, that she bred these dogs and sold them, and that her business was advertised as the "Wyckoff Kennels."

Wyckoff argues that her dog breeding operation could be characterized as the raising of household pets, which was specifically permitted in the D–2 zone classification. Household pets are defined in the Zoning Ordinance § 2.093 as:

"*Pets, Household.* Three or less adult dogs and/or three or less adult cats or other household domestic animals and including their off-spring under six-months of age."

Zoning Ordinance § 5.62 prohibits the operation of commercial kennels on land within D–2 zone classification. Commercial kennels are defined under Zoning Ordinance § 2.074 as:

"*Kennel-Commercial.* Any lot or premises or portion thereof on which more than three (3) dogs and/or cats and other household, domestic animals are maintained, harbored, possessed, trained, boarded or cared for in return for compensation."

■ We hold that the record clearly supports the finding of the Board and the trial court that Wyckoff was operating a commercial kennel.

■ It is further argued that Wyckoff had a clear legal right to a certificate allowing her to construct single family dwellings on her property. We disagree. Within the D–2 zone classification, Zoning Ordinance § 5.71 requires non-agricultural buildings to comply with Zoning Ordinance § 22.3, which states that such buildings, including residences, must have frontage on a public street. Wyckoff admitted and the Board found that Wyckoff's land did not have that requisite frontage on a public street.

The Board thus exercised its discretion in refusing to allow the certificate for the raising of household pets and refusing to allow Wyckoff to construct single family dwellings on the property. That discretion was not exercised in an arbitrary or discriminatory manner. *See Allen v. Smylie*, 92 Idaho 846, 452 P.2d 343 (1969). Thus, Wyckoff had no clear legal right to either of the two zoning certificates she was seeking and her Application for Writ of Mandamus was properly denied by the trial court.

Wyckoff next asserts that the trial court erred in granting the Board's motion for summary judgment enjoining her from operating a commercial dog kennel and maintaining mobile homes on her property.

■ Summary judgment should be granted only if the pleadings, depositions, and affidavits show that there is no genuine issue of material fact. *E. g., Casey v. Highlands Ins. Co.*, 100 Idaho 505, 600 P.2d 1387 (1979); I.R.C.P. 56(c). The record and all reasonable inferences arising therefrom must be construed in favor of the party against whom summary judgment is sought. *E. g., Palmer v. Idaho Bank & Trust*, 100 Idaho 642, 603 P.2d 597 (1979). It is well settled that injunctions will issue to enforce zoning regulations, and that the misdemeanor penalty provided by the ordinance is not an adequate remedy. *E. g., Boise City v. Better Homes*, 72 Idaho 441, 243 P.2d 303 (1952); *City of Idaho Falls v. Grimmett*, 63 Idaho 90, 117 P.2d 461 (1941).

■ The facts indicating that Wyckoff was operating a commercial kennel are uncontroverted. Further, there are no material issues of fact in dispute regarding the mobile homes being located upon the Wyckoff property. While single family dwelling units are permitted on land within the D–2 zone classification, Zoning Ordinance § 2.054 specifically excludes mobile homes from the definition of permitted dwelling. *See also County of Ada v. Walter*, 96 Idaho 630, 533 P.2d 1199 (1975). Since no material issues of fact remain for resolution, the issuance of summary judgment enjoining Wyckoff's improper use of her property was correct and is affirmed.

■ Wyckoff finally argues that the Ada County Zoning Ordinance is unconstitutionally vague and ambiguous. Under the Due Process Clause of the Fourteenth Amendment, a statute is unconstitutionally vague when its language does not convey sufficiently definite warnings as to the proscribed conduct, and its language is such that men of common intelligence must necessarily guess at its meaning. *See Keyishian v. Board of Regents*, 385 U.S. 589, 87 S.Ct. 675, 17 L.Ed.2d 629 (1967). We hold that the Ada County Zoning Ordinance provisions in question here contain no such defect, and that the ordinary person of common intelligence can understand and comply with their terms.

The denial of Wyckoff's Application for Writ of Mandamus and the issuance of summary judgment enjoining Wyckoff from those usages of her property are upheld and affirmed. Costs to respondent.

DONALDSON, C. J., McFADDEN and BISTLINE, JJ., and DUNLAP, J. pro tem., concur.