710 P.2d 667

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Carl MONEY, Defendant-Appellant.**

No. 15633.

Court of Appeals of Idaho.

Dec. 3, 1985.

Malcolm Dymkoski, Post Falls, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Boise, for plaintiff-respondent.

SWANSTROM, Judge.

Carl Money appeals from a court order denying his motion to reduce a sentence under I.C.R. 35 and granting the state's motion to confiscate a shotgun used in the commission of the crime charged. Money was originally sentenced, on April 6, 1983, to a twelve-year indeterminate term for murder in the second degree, I.C. § 18–4001, 18–4003, together with a consecutive indeterminate two-year period for use of a firearm, I.C. § 19–2520. On April 8, the trial court, on its own motion, corrected the sentence increasing the enhancement peri-

od from two years to three years, the minimum term required by I.C. § 19–2520. Because Money was not present when his sentence was corrected he asserts that his right to due process was violated. He contends that the "corrected" sentence is invalid. He asks that it be vacated and that he be resentenced legally.

Approximately five months after Money was sentenced, the state moved to confiscate the murder weapon, Money's shotgun, pursuant to I.C. § 19–3807. Following a hearing, the district court granted the motion. On appeal, Money contends his rights to due process of law were again violated by the procedure used in the confiscation of his shotgun. We vacate the sentence, but not the adjudication of guilt, and remand for resentencing. We affirm the order confiscating the firearm.

■ We first consider whether Money was denied due process of law when the trial court corrected his sentence outside his presence. We agree with the trial court that the original enhancement sentence was invalid. Idaho Code § 19–2520 requires that any person who uses a firearm while committing certain offenses "shall, in addition to the sentence imposed for the commission of the crime, be imprisoned in the State prison for not less than three (3) nor more than fifteen (15) years." Money's sentence was originally enhanced by two years, not the required three years. Therefore, the sentence was in violation of the statute and illegal.

■ A trial court may correct an illegal sentence at any time. *See* I.C.R. 35; *State v. Mendenhall*, 106 Idaho 388, 679 P.2d 665 (Ct.App.1984). Further, when correcting an illegal sentence a trial court is not bound by the terms of the original sentence. Rather, a trial court may resentence to any punishment permitted for the offense under the provisions of the applicable statutes. *State v. Lindquist*, 99 Idaho 766, 589 P.2d 101 (1979); *State v. Hoisington*, 105 Idaho 660, 671 P.2d 1362 (Ct.App. 1983). If the original sentence imposed is determined to be void, a defendant's sentence may be enhanced to comply with the

requirements of the law. *State v. Aguilar*, 98 N.M. 510, 650 P.2d 32 (Ct.App.1982).

Money claims that for such a correction to be valid, he must be present. The state contends that the resentencing of Money merely involved the correction of a formal defect in the sentence and that Money's absence from such a procedure did not violate due process as Money would have gained little by his presence.

■ We do not agree with the state that the resentencing merely involved a correction of a clerical error. Money's original sentence was invalid, therefore, sentence was not imposed until the trial court corrected the judgment. *Lopez v. State*, 108 Idaho 394, 700 P.2d 16 (1985). A defendant must be personally present when sentence is pronounced for a felony. I.C. § 19–2503, I.C.R. 43(a). A defendant's presence at the time of sentencing is mandatory. It is entirely irrelevant that Money's presence might have had little effect on the final outcome. *See Lopez v. State, supra.*

■ The state further contends that because Money was not present at the hearing on Money's rule 35 motion and because Money's counsel went forward with the hearing, not objecting to Money's absence, this constituted acquiescence to Money's absence at sentencing. We have considered the state's argument and the authorities cited in support of it. We find the argument unpersuasive. We hold that Money did not waive his right to be present at his sentencing, nor was there any acquiescence on his part in the ex parte procedure used to "correct" the illegal sentence. The presence of Money is required for the sentencing court to correct the invalid sentence. We remand to the trial court to reimpose sentence at a proceeding at which Money is present.

■ We are next presented with the question of whether the whole sentence is to be vacated or merely the enhancement portion. It has been established that the firearm enhancement statute, I.C. § 19–2520, does not define a separate substan-

tive offense, but rather provides for a single, more severe penalty when an offense is committed with a firearm. *State v. Smith*, 103 Idaho 135, 645 P.2d 369 (1982); *State v. Galaviz*, 104 Idaho 328, 658 P.2d 999 (Ct.App.1983). The enhancement statute for use of a firearm has been construed to mean that the underlying sentence and the enhancement sentence are to be viewed as one continuous sentence with two distinct segments. *State v. Kaiser*, 106 Idaho 501, 681 P.2d 594 (Ct.App.1984) *vacated on other grounds*, 108 Idaho 17, 696 P.2d 868 (1985). The enhancement statute imposes an additional term instead of an additional sentence. *State v. Kaiser*, 108 Idaho 17, 696 P.2d 868 (1985).

It has been held that a sentence imposed under a firearm enhancement statute, similar to Idaho's statute, "cannot be bifurcated from the basic sentence imposed on defendant." *State v. Aguilar*, 650 P.2d at 36 (N.M.App.1982). "Multiple sentences are not involved; what is involved, under the [firearm enhancement and habitual offender] statutes, is the computation of a single sentence for one crime." *State v. Mayberry*, 97 N.M. 760, 643 P.2d 629, 632 (Ct.App. 1982).

A review of the construction of I.C. § 19–2520 and similar statutes reveals that a sentence enhanced by the statute remains one sentence. When the trial court corrects a sentence it should consider the whole sentence not merely one segment of the whole. Therefore, we vacate the total sentence and remand to the district court.

We now address the issue of whether the confiscation of Money's shotgun used in the crime violated his right to due process. Money supports this assertion by first contending the confiscation statute, I.C. § 19–3807, as enforced at the time of Money's confiscation, is unconstitutional. Secondly, it is asserted that the hearing was constitutionally defective in failing to notify all interested parties. Finally, Money asserts that the confiscation hearing was brought in an untimely manner.

■ The state has chosen not to respond to the merits of this issue. Rather, the state contends that the court order was not appealable in a criminal proceeding, and that an appeal was not taken from the court order in the manner required by I.A.R. 17. The state asserts that I.A.R. 11, which limits appeals in criminal proceedings, does not provide for an appeal from a court order allowing confiscation of the firearm. Subpart (6) of rule 11 states that an appeal may be taken from "[a]ny order made after judgment affecting the substantial rights of the defendant or the state." We find that the above provision authorizes an appeal in this case. The confiscation of property affects the substantial right of a defendant in a criminal proceeding. Having determined that this appeal qualifies under rule 11 as an appealable order we next address whether the appeal is preserved under I.A.R. 17.

■ The state asserts that an appeal from the order granting confiscation of the gun was not properly preserved because the notice of appeal specified only that it was from "the denial of his Motion for Reconsideration of Sentence," not from the confiscation order. Rule 17(e) provides that the notice of appeal shall be deemed to include not only the specific order stated in the notice, but also, all final orders entered either before or after the particular stated order. The state contends that as the confiscation order was issued contemporaneously with the order from which the appeal is taken, it does not qualify under rule 17. We find this argument to be without merit. Rule 17 is a notice provision and it would be incongruous to allow an appeal from orders entered prior and subsequent to the order from which the appeal is taken but *not* from orders entered contemporaneously. Here, in fact, Money's appeal was from the one written "ORDER" which dealt separately with both the motion to reduce sentence and the motion to confiscate the firearm. Therefore, we will address the merits of Money's due process argument.

It is first contended that I.C. § 19–3807 violates procedural due process and is, therefore, unconstitutional. Specifically Money contends it fails to provide for no-

tice and a hearing. Idaho Code § 19–3807, in effect at the time of the commission of the crime, states:

At the time any person is convicted of a felony in any court of the state of Idaho, firearms, ... found in his possession or under his control at the time of his arrest may be confiscated and disposed of in accordance with the order of the court before which such person was tried. The court may direct the delivery of such firearms, ... to the law enforcement agency which apprehended such person, for its use or for any other disposition in its discretion.

■ The right to procedural due process is secured by article 1, section 13 of the Idaho Constitution and by the fourteenth amendment to the United States Constitution. We find that procedural due process requirements have been met in this case. The state's motion for confiscation of the shotgun provided notice. A hearing was held prior to forfeiture at which Money was represented by counsel. Money's counsel argued against the motion and had the opportunity to submit to the court a brief on the subject. Further, the court issued a written opinion setting forth the reasons for granting the motion.

■ Next, it is contended that the statute is vague and overbroad. Money asserts that the statute fails to provide explicit standards for persons enforcing the statute. A challenged regulation will be held to violate requirements of due process only if it is found to contain terms so vague that persons of common intelligence must guess at its meaning and differ as to its application. *Wyckoff v. Board of County Commissioners of Ada County*, 101 Idaho 12, 607 P.2d 1066 (1980). The relevant statute requires two conditions to be met before confiscation can occur: (1) conviction of a felony and (2) that the firearm be found in the possession or under the control of the convicted felon at the time of his arrest. The district court found that the "statute leaves no room for arbitrary or discriminatory enforcement by police, prosecutors or judges because it uniformly applies to all persons convicted of a felony who are found in possession or control of a firearm at the time of their arrest." We hold that the statute is not unconstitutionally vague or overbroad.

■ The second asserted defect in the confiscation proceeding was the failure to notify all interested parties. Money contends that he gave the shotgun to a friend shortly after Money's arrest. It is asserted that Money's friend has an interest in the shotgun and should have been given notice of the confiscation hearing. However, Money has suffered no deprivation of due process unless he can show the challenged statute is applied to his disadvantage. *State v. Curtis*, 106 Idaho 483, 680 P.2d 1383 (Ct.App.1984). Money has not been aggrieved by the failure to notify a third party and therefore has no standing to challenge the constitutionality of the statute on this ground. *Ogle v. DeSano*, 107 Idaho 872, 693 P.2d 1074 (Ct.App.1984). We find this argument to be without merit.

■ It is finally asserted that the confiscation proceeding was untimely. Money contends that the language of the statute requires the confiscation to occur at the time the defendant is convicted. It is asserted that this could be either when the guilty plea is accepted or when a defendant is sentenced. Money suggests that criteria analogous to those developed in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), for determining when government has delayed a speedy trial provides an appropriate framework for determining whether the delay in confiscation was reasonable. Indeed, the United States Supreme Court has so held recently. *See, e.g., United States v. Eight Thousand Eight Hundred and Fifty Dollars ($8,850)*, 461 U.S. 555, 103 S.Ct. 2005, 76 L.Ed.2d 143 (1983) (government delay of eighteen months in bringing forfeiture action assessed under *Barker v. Wingo* criteria). Such a test involves the weighing of four factors: (1) length of delay; (2) reason for the delay; (3) defendant's assertion of his right to return of his property; and (4) prejudice to the defendant. In the present

case, the confiscation proceeding was brought approximately six months after Money was convicted and sentenced. The record gives no explanation for the delay. Money's only assertion of prejudice is the fact that he will be denied the loss of a valuable collector's item which he has gifted to a friend. We are unpersuaded by this reasoning. Money has failed to show us how the six-month time period was unreasonable. We agree with the district court's conclusion "that there has not been any unreasonable delay or resulting prejudice" shown. Therefore, we find the district court did not err in granting the state's motion to confiscate the murder weapon.

We vacate the sentence imposed and remand to the trial court with instructions that it resentence Money at a proceeding at which he is present. We affirm the order to confiscate the shotgun.

WALTERS, C.J., and BURNETT, J., concur.