739 P.2d 427

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Somphiane SAYKHAMCHONE, Defendant-Appellant.**

No. 16620.

Court of Appeals of Idaho.

June 17, 1987.

Van G. Bishop, Nampa, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

Somphiane Saykhamchone was found guilty by a jury of first degree murder for the shooting death of a fellow employee at a dairy in Canyon County, Idaho. Following the verdict, Saykhamchone pled guilty to a companion charge of using a firearm in the commission of the homicide, I.C. § 19–2520. The court sentenced Saykhamchone to an indeterminate life term for the murder and to a "consecutive" indeterminate ten-year term for the use of a firearm.

On appeal Saykhamchone challenges his sentence. He contends the court erred by imposing two separate, consecutive sentences rather than imposing a single sentence for the homicide, enhanced by an additional term for the use of a firearm as required by I.C. § 19–2520. He asserts that where two sentences are imposed, the Commission of Pardons and Parole requires the first to be fully served before the second may begin and parole may be considered. This would effectively bar parole in his case, creating in essence a fixed life sentence. We disagree and affirm the judgment.

At the sentencing hearing, the court stated:

> Therefore, this Court, in addition to the Judgment announced as to the charge of murder, enters a Judgment of conviction on Mr. Saykhamchone for using a firearm in the perpetration of a felony; and this Court on that conviction imposes an enhanced sentence of ten years an in—an indeterminate ten years to the State Board of Corrections to run consecutive to the sentence of indeterminate life for murder.

The judgment entered after the court's oral pronouncement of the sentence referred to the murder charge as Part I of the Infor-

mation and to the firearm offense as Part II of the Information. It stated the following:

IT IS ADJUDGED that the defendant be sentenced to the custody of the State Board of Corrections for an indeterminate period of time, not to exceed life on Part I of the Information with credit on that sentence for the 366 days served pending final disposition. And for an indeterminate period not to exceed ten years on the Part II, Use of a firearm charge to run consecutive to the sentence on Part I.

We have considered the relationship between an underlying sentence and its enhancement where the enhancement was infected with error. In that context, we said:

We are next presented with the question of whether the whole sentence is to be vacated or merely the enhancement portion. It has been established that the firearm enhancement statute, I.C. § 19–2520, does not define a separate substantive offense, but rather provides for a single, more severe penalty when an offense is committed with a firearm.... The enhancement statute for use of a firearm has been construed to mean that the underlying sentence and the enhancement sentence are to be viewed as one continuous sentence with two distinct segments.... The enhancement statute imposes an additional term instead of an additional sentence....

It has been held that a sentence imposed under a firearm enhancement statute, similar to Idaho's statute, "cannot be bifurcated from the basic sentence imposed on defendant." ... "Multiple sentences are not involved; what is involved, under the [firearm enhancement and habitual offender] statutes, is the computation of a single sentence for one crime."

A review of the construction of I.C. § 19–2520 and similar statutes reveals that a sentence enhanced by the statute remains one sentence. When the trial court corrects a sentence it should consider the whole sentence not merely a segment of the whole. Therefore, we vacate the total sentence and remand to the district court.

*State v. Money,* 109 Idaho 757, 759–60, 710 P.2d 667, 669–70 (Ct.App.1985) (citations omitted). In *State v. Storey,* 109 Idaho 993, 712 P.2d 694 (Ct.App.1985), we held that when a sentence is enhanced under I.C. § 19–2520, each segment should be separately pronounced and set forth in the judgment of conviction and commitment. Thus, the propriety of either component of the sentence can be determined in the event of judicial review of the sentence.

■ Although the judge in this case did use the word "consecutive," we believe the sentence comports with *Money* and *Storey.* The sentence imposed by the court must be treated as a single sentence composed of an indeterminate life term enhanced by an indeterminate ten-year period under I.C. § 19–2520. *See State v. Kaiser,* 108 Idaho 17, 696 P.2d 868 (1985); *State v. Merrifield,* 112 Idaho 365, 732 P.2d 334 (Ct.App. 1987).

■ We have been given nothing but an unsubstantiated allegation that the parole commission will administer this sentence to require the serving of "two sentences." There are conceptual problems with enhancements of life sentences. But there is a pragmatic solution. The commission readily can determine what period a prisoner would serve before a tentative parole date is available for an indeterminate life segment of the sentence. The commission also can calculate such a period for the enhancement segment. Adding these two periods together would yield the total period the defendant must serve in confinement before receiving parole consideration on the whole sentence. There should not, and need not, be separately or consecutively served sentences.[1]

---

1. When two genuinely separate and consecutive indeterminate sentences are imposed, the commission may discharge the first sentence at what it deems to be an appropriate time. The second sentence then will start running, and parole may follow. Such use of the discharge power is not possible, however, when only one sentence, albeit consisting of two segments, has been imposed. In such a case, like the one now

The judgment imposing the sentence is affirmed.

before us, the pragmatic approach set forth    above may be employed.