747 P.2d 778

STATE of Idaho, Plaintiff–Respondent,

v.

Mariano VEGA, Defendant–Appellant.

No. 16805.

Court of Appeals of Idaho.

Dec. 17, 1987.

Alan E. Trimming (Ada County Public Defender), Boise, for defendant-appellant.

Jim Jones, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

Mariano Vega was convicted of committing a robbery with the use of a firearm. On direct appeal, we affirmed the judgment of conviction. *State v. Vega*, 110 Idaho 685, 718 P.2d 598 (Ct.App.1986). Vega's subsequent motion under Idaho Criminal Rule 35, to correct or to reduce his sentence, was denied by the district court. He appeals from that ruling. We affirm.

For the robbery, Vega was sentenced to an indeterminate twelve-year term in the custody of the Board of Correction. Pursuant to I.C. § 19–2520 as it then read, this sentence was enhanced by three years because Vega used a firearm when committing the crime.[1] Vega's Rule 35 motion requested reduction of his sentence or, alternatively, a correction to reflect a fifteen-year indeterminate sentence. Both requests were denied. He has carried only the latter request forward to this Court.

The judgment of the district court reads:

[J]udgment having been pronounced that defendant be committed to custody of State Board of Corrections of the State of Idaho for an indeterminate term not to exceed 12 years on Count I enhanced with a consecutive indeterminate term not to exceed 3 years on Count II;

and continues:

AND THIS IS TO COMMAND YOU, the said Director of Correction, to receive of and from the Sheriff of the County of Ada, the said Mariano Vega, convicted and sentenced as aforesaid, and keep in the custody of the State Board of Correction of the State of Idaho for not to exceed 12 years indeterminate term on Count I; consecutive indeterminate term not to exceed 3 years for Count II.

Vega contends that this sentence is inconsistent with prior pronouncements of the Idaho appellate courts regarding I.C. § 19–2520.

Vega is presently housed at the state penitentiary. He asserts that the form of this sentence will lead to an inappropriate delay in his eligibility for parole. In contrast, the state contends that the sentence is correct on its face and, in any event, a Rule 35 motion is an inappropriate way to address any error by the Board of Correction in "interpreting" a sentence. In a reasoned and well-articulated opinion, the district court ruled in favor of the state. We agree with the district court.

■ Vega and the state are in agreement regarding the applicable law. At the time Vega committed the robbery, I.C. § 19–2520 did not define or create a separate offense. It was simply a sentence enhancing statute that provided a more severe penalty for a conviction on the underlying crime. *See, e.g., State v. Kaiser*, 108 Idaho 17, 696 P.2d 868 (1985); *State v. Cardona*, 102 Idaho 668, 637 P.2d 1164 (1981); *State v. Galaviz*, 104 Idaho 328, 658 P.2d 999 (Ct.App.1983). We have held that the base sentence and the enhancement should be construed as one continuous sentence. *State v. Money*, 109 Idaho 757, 710 P.2d 667 (Ct.App.1985). But, for purposes of review, we have required the sentencing court to set forth the two segments of the sentence. *State v. Storey*, 109 Idaho 993, 712 P.2d 694 (Ct.App.1985).

After examining the sentencing court's pronouncement in this case, the district court concluded that the sentence was consistent with then I.C. § 19–2520, as con-

---

1. In pertinent part, I.C. § 19–2520 read, at the time when Vega committed the robbery:

*Sentence for use of firearm.*—Any person convicted of a violation of [listed crimes, including robbery], who carried, displayed, used, threatened, or attempted to use a firearm while committing the crime, shall, in addition to the sentence imposed for the commission of the crime, be imprisoned in the state prison for not less than three (3) nor more than fifteen (15) years. Such additional sentence shall run consecutively to any other sentence imposed for the above cited crimes.

The statute has since been amended to provide for an "extended" sentence. 1986 Idaho Sess. Laws, ch. 319, § 2, p. 784.

strued by the appellate courts. We concur. Taken out of context, the court's command to the Director of Correction has the flavor of two consecutive sentences; however, an examination of the whole judgment quickly reveals that the "consecutive indeterminate term" is simply the firearm-enhancement pursuant to the statute. We hold that the sentence is lawful. Rule 35 imposes no obligation upon the district court to correct, amend, or modify a legal sentence.

■ We turn next to Vega's assertion that the Board of Correction has misapprehended the intent and meaning of the district court judgment and intends to hold Vega for an unnecessarily long term of imprisonment. Vega's counsel asserts that such misunderstandings are common. This assertion has not been rebutted by the state. However, in our view and in the view of the district court, a Rule 35 motion is an inappropriate proceeding to attack the Board's interpretation.

A legal sentence need not be amended or modified merely because the Board of Correction *may* misunderstand the law. The district court denied without prejudice that portion of the motion relating to the form of the sentence. If and when Vega can show that he has been harmed or that harm is imminent from such an error, he may seek appropriate relief through a mandamus or habeas corpus action brought directly against the Board.

The order of the district court denying Vega's Rule 35 motion is affirmed.