780 P.2d 148
STATE of Idaho, Plaintiff–Respondent,

v.

Dennis PHILLIPPI,
Defendant–Appellant.

No. 17537.

Court of Appeals of Idaho.

June 8, 1989.

Dennis Phillippi, pro se defendant-appellant.

Jim Jones, Atty. Gen., Jack B. Haycock, Deputy Atty. Gen., for plaintiff-respondent.

PER CURIAM.

This is an appeal from an order denying a motion by Dennis Phillippi under I.C.R. 35 to correct his sentences imposed for robbery and aggravated battery. He had received ten-year indeterminate sentences on those charges, to be served concurrently. The sentences were enhanced by an additional five-year indeterminate term for the use of a firearm in the commission of the robbery and battery. By his motion, Phillippi claimed the sentences as imposed were illegal because the district court characterized the five-year enhancement as a "consecutive" sentence. The district court denied Phillippi's motion. We affirm.

In *State v. Saykhamchone*, 112 Idaho 1128, 739 P.2d 427 (Ct.App.1987), and *State v. Vega*, 113 Idaho 756, 747 P.2d 778 (Ct. App.1987), we held that the use of the term "consecutive" by the district court—when referring to the enhancement portion of a sentence imposed because a firearm was used to commit an underlying crime—did not render the sentence "illegal" under Rule 35. We explained that the word "consecutive" is inappropriate because the base sentence and the enhancement are administered as one continuous sentence. For the purpose of appellate review only, we have required the sentencing court to set forth the two segments of the sentence. But the mere use of an inappropriate word does not give rise to Rule 35 relief absent a showing that it is actually causing the enhanced sentence to be administered improperly. *State v. Vega*, 113 P.2d at 758, 747 P.2d at 779. *See also State v. Snapp*, 113 Idaho 350, 743 P.2d 1003 (Ct.App.1987). The record before us, as developed in the district court below, does not contain any such showing.

Accordingly, we affirm the order of the district court.