779 P.2d 19

**Robert R. LOPEZ, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

**No. 17703.**

Court of Appeals of Idaho.

Aug. 31, 1989.

on August 7, 1989.

---

\* This opinion was prepared by Huntley, J., and voted on by the Court prior to his resignation

Robert R. Lopez, pro se.

Jim Jones, Atty. Gen., Jack B. Haycock, Deputy Atty. Gen., for respondent.

SWANSTROM, Judge.

Robert Lopez appeals a district court order amending his sentence for robbery. This amendment occurred after Lopez filed a petition for post-conviction relief, alleging that his sentence was illegal. The robbery sentence, imposed in 1984, was an indeterminate fifteen-year term. Lopez was also sentenced in a separate document to serve an additional "consecutive" indeterminate five-year term for the use of a firearm in the commission of the robbery. In his petition, Lopez contended that his "consecutive" sentence for the use of a firearm was not a sentence enhancement under I.C. § 19-2520, but was an improper separate sentence.

The district court granted Lopez limited relief. The court amended the judgment of conviction by simply inserting after the firearm enhancement sentence, "which sentence is imposed as an enhancement to the charge of robbery as provided for in Idaho Code § 19-2520." Lopez filed a notice of appeal from this order. Subsequently Lopez also filed a motion for relief from judgment and a motion for judgment on the pleadings. These motions were denied. Lopez filed a second notice of appeal from the order denying his motions, which has been treated as an amended notice of appeal. Three issues are presented: (1) whether Lopez was granted proper relief under his petition; (2) whether the district court erred by refusing to have Lopez present in the courtroom at the time his sentence was amended; and (3) whether the district court erred in denying Lopez an opportunity to amend his petition for post-conviction relief. For reasons which follow we affirm.

## SENTENCE CORRECTION

When Lopez was sentenced the court imposed an indeterminate term not to exceed fifteen years for the crime of robbery and a "consecutive" five-year indeterminate term for the use of a firearm during the commission of the offense. Lopez asserts that the court's rewording of the firearm sentence fails to cure the error of imposing separate or "consecutive" sentences under I.C. § 19-2520. As we have previously held, a firearm enhancement under I.C. § 19-2520 does not define a separate substantive offense but provides for a single more severe penalty when an offense is committed with a firearm. *State v. Money,* 109 Idaho 757, 710 P.2d 667 (Ct.App.1985) (review denied). We have recently commented on a sentencing court's use of the term "consecutive" with a sentence imposed for the underlying offense and a sentence enhancement.

The term "consecutive" is inappropriate when referring to a sentence enhancement for use of a firearm. It may connote, inaccurately, the existence of two separate sentences. It is well established in our case law that, regardless of terminology employed, a firearm enhancement is part of a single sentence. Although we require the enhancement to be specifically identified for possible appellate review, "the base sentence and the enhancement should be construed as one continuous sentence." *State v. Vega*, 113 Idaho 756, 757, 747 P.2d 778, 779 (Ct.App.1987). *See also State v. Saykhamchone*, 112 Idaho 1128, 739 P.2d 427 (Ct.App.1987); *State v. Money*, 109 Idaho 757, 710 P.2d 667 (Ct.App. 1985).

*State v. Camarillo*, 116 Idaho 413, 414, 775 P.2d 1255, 1256 (Ct.App.1989).

■ Although the district court here did pronounce "consecutive" sentences, one for the robbery and one for use of a firearm, this did not render the aggregate sentence illegal or invalid. *See State v. Saykhamchone*, 112 Idaho 1128, 739 P.2d 427 (Ct. App.1987). Neither does the use of two documents nullify the sentence. The sentence will be construed as a single term with an indeterminate fifteen-year component for the robbery enhanced by an indeterminate five-year component for use of a firearm. The amendment of the sentence by the district court was intended to assure that result. This change in the language confirmed Lopez' firearm "sentence" was an enhancement to the sentence he received for robbery and was not a wholly separate sentence as contended by Lopez. Although it would be preferable to articulate a single sentence (with each component identified) in one document, we hold that no reversible error has been committed here.

### RIGHT TO BE PRESENT

■ We also reject Lopez' argument that his presence was required at the hearing on his petition or at the amendment of the sentence. A defendant's presence at a hearing on a petition for post-conviction relief is not required unless there exist "substantial issues of fact as to evidence in which [the petitioner] participated." I.C. § 19–4907(b); *see also State v. Christensen*, 102 Idaho 487, 632 P.2d 676 (1981); *Conner v. State*, 95 Idaho 413, 510 P.2d 308 (1973). The district court's decision to amend Lopez' sentence presented no such substantial issues of fact.

■ Nor do we agree with Lopez' contention that he was "resentenced" when the district court amended his sentence. Lopez' presence would be required at a hearing to correct an invalid sentence. *See* I.C.R. 35; *State v. James*, 112 Idaho 239, 731 P.2d 234 (Ct.App.1986); *State v. Money*, 109 Idaho 757, 710 P.2d 667 (Ct.App. 1985) (review denied). This requirement is consistent with I.C.R. 43(a) stating that the "defendant shall be present ... at the imposition of the sentence." The district court, however, did not resentence Lopez. His sentence, as previously noted, was at all times valid. The amendment of the language by the court did not alter either component of the actual sentence imposed. Absent such a change, Lopez' presence at the hearing would not be required under I.C.R. 43(a).

### DENIAL OF
### POST–JUDGMENT MOTIONS

The record shows that court-appointed counsel appeared for Lopez at two hearings relating to the petition for post-conviction relief. At the time of these hearings, Lopez had sent a letter to his attorney explaining certain inaccuracies in the presentence report which Lopez believed had influenced the sentencing judge to impose a harsher sentence. These inaccuracies, according to Lopez, made his prior criminal record appear more serious than it actually was.

On appeal, Lopez implies that his court-appointed counsel should have amended the petition to make use of the information in the hope that it would result in a reduction of punishment when he was "resentenced." Lopez' counsel did not amend the petition to assert that the presentence report had been inaccurate. As noted earlier, the court also did not grant Lopez' motion to be permitted to attend the hearing. As a

result of these disappointments, Lopez discharged his counsel and, after bringing this appeal, filed his post-judgment motions pro se.

Lopez now suggests that his discharged counsel was ineffective but he has chosen not to specify that contention as a discrete issue in this appeal. Instead, Lopez asserts that, in view of the attorney's neglect and "mistake" in failing to amend the petition for post-conviction relief, the district court abused its discretion in refusing to set aside its order—as it could do under I.R.C.P. 60(b)(1)—so that the petition could be amended.

We are not persuaded. Even if Lopez' counsel disregarded his instructions to amend the petition this did not result in cognizable prejudice to Lopez. A motion to amend the petition after the entry of a final order so as to add a new ground for relief is untimely. Lopez recognized this problem and sought to overcome it by seeking relief under Rule 60(b)(1). However, even if the court had set aside the order and had allowed the amendment to be made, no legally viable grounds for relief from the sentence have been shown. Where a defendant has been accorded the opportunity to examine the presentence report prior to sentencing and to explain and rebut adverse evidence, inaccuracies in the report to which no objection was made at sentencing do not result in reversible error. *Holmes v. State*, 104 Idaho 312, 658 P.2d 983 (Ct.App.1983); *Svenson v. State*, 110 Idaho 161, 715 P.2d 374 (Ct.App.1986). Lopez has likewise failed to show that his motion for judgment on the pleadings has any merit. Accordingly, we hold that there was no abuse of discretion in denial of the post-judgment motions.

The orders of the district court, amending Lopez' judgment of conviction and denying his motion for relief from judgment and motion for judgment on pleadings, are affirmed.

WALTERS, C.J., and BURNETT, J., concur.