2 F.3d 1157
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William A. LANGLEY, Petitioner-Appellant,
v.
STATE OF IDAHO, Respondent-Appellee.
 No. 93-35190.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 21, 1993.*
Decided Aug. 2, 1993.
 
 Before BROWNING, TANG and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 William Langley, an Idaho state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. Sec. 2254 petition for habeas corpus. The district court dismissed Langley's petition as an abuse of the writ. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and review de novo. Neuschafer v. Whitley, 860 F.2d 1470, 1474 (9th Cir.1988), cert. denied, 493 U.S. 906 (1989). We affirm.
 
 
 3
 A petitioner abuses the writ by raising a claim in a second or subsequent petition for habeas corpus that he could have raised in his first petition. McCleskey v. Zant, 111 S.Ct. 1454, 1468 (1991). The government bears the burden of pleading abuse of the writ. Id. at 1470. The government may meet this burden by noting the petitioner's prior writ history, identifying the claims that appear for the first time, and alleging abuse of the writ. Id. The burden then shifts to the petitioner to disprove abuse of the writ, which can be done only by showing cause for failing to raise the claim in an earlier petition, and prejudice resulting therefrom. Id.; Harris v. Vasquez, 949 F.2d 1497, 1511-12 (9th Cir.1990), cert. denied, 112 S.Ct. 1275 (1992). A petitioner who cannot show cause may nonetheless be excused if the court's failure to hear the claim would result in a fundamental miscarriage of justice. McCleskey, 111 S.Ct. at 1470; Harris, 949 F.2d at 1511-12.
 
 
 4
 Langley filed his first federal petition for habeas corpus in October, 1986. That petition alleged that (1) Langley did not knowingly, voluntarily and intelligently waive his right to counsel, (2) the trial court erred by failing to hold a hearing on Langley's waiver of the right to counsel, (3) Langley was denied the right to personally argue his appeal, and (4) his due process rights were violated by appellate delay. The district court denied the petition, and this Court affirmed the denial in an unpublished opinion. In December, 1991, Langley filed the instant petition. In this petition, Langley contends that (1) he was sentenced twice for one conviction, pursuant to a sentencing enhancement statute, (2) his in-court identification by witnesses was impermissibly tainted, (3) he was denied trial transcripts on appeal, and (4) he was denied the services of an investigator to prepare for trial.
 
 
 5
 Respondent pleaded abuse of the writ in the answer to the instant petition. Respondent met its burden by alleging abuse of the writ, stating that the claims in Langley's second petition were not raised in his earlier petition, and noting Langley's writ history. See McCleskey, 111 S.Ct. at 1470. Langley has not contended that he had cause for omitting his second, third and fourth claims from his first petition. Accordingly, we find that these claims constitute an abuse of the writ, and were properly dismissed. See id.; Harris, 949 F.2d at 1511-12.
 
 
 6
 Langley argues that he could not present his sentencing claim in his first petition because Idaho state court decisions did not recognize this issue until after he filed his direct appeal. Presumably, Langley is also arguing that he could not have raised this issue in his first petition because he had not yet exhausted the sentencing claim when he filed his first petition. These contentions lack merit.
 
 
 7
 Langley contends that he was sentenced to two consecutive sentences, rather than one enhanced sentence, for committing a robbery with a firearm. However, his argument that Idaho state court decisions have recently recognized that such consecutive sentences are unconstitutional fails. Idaho courts have recognized, both before and after Langley filed his first federal habeas petition, that although the gun enhancement prescribes a separate sentence, the underlying sentence and the enhancement sentence are construed by the court as one continuous sentence. See State v. Kaiser, 696 P.2d 868, 870 (Idaho 1985); State v. Money, 710 P.2d 667, 670 (Idaho Ct.App.1987). There is no indication that the Idaho courts have found such sentencing unconstitutional.
 
 
 8
 Further, even had such a change occurred after Langley filed his direct appeal, Langley could have exhausted this claim via a state habeas petition before filing his first federal habeas petition. Accordingly, we find that Langley has not shown cause for failing to raise this claim in his earlier petition. See McCleskey, 111 S.Ct. at 1470.
 
 
 9
 Langley contends that the Idaho Board of Corrections is refusing to treat his sentence as a continuous sentence rather than as two consecutive sentences, and that this Court's refusal to correct this misinterpretation will result in a fundamental miscarriage of justice. We disagree. Langley has a remedy available in state court to address this concern: "if and when [Langley] can show that he has been harmed or that harm is imminent from such an error, he may seek appropriate relief through a mandamus or [a state] habeas corpus action brought directly against the Board [of Corrections]." State v. Vega, 747 P.2d 778, 780 (Idaho Ct.App.1987).
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3