PETER PENCE AND E. S. STERLING, PLAINTIFFS IN
ERROR, *v.* STEPHEN DURBIN, DEFENDANT IN ERROR.

INJUNCTION—UNDERTAKING.—An undertaking for an injunction is sufficient without the signature of the plaintiff in the action.

CAUSES OF ACTION.—Those causes of action growing directly out of the breach of an undertaking can be the subject of but one action.

ANSWER—WAIVER.—An answer by a party, after the overruling of his demurrer, waives all defects in the complaint, except those which may properly be taken advantage of on a motion in arrest of judgment.

VERIFICATION—ANSWER—DENIALS.—When the complaint is verified, the answer must deny, specifically, every material allegation of the complaint, but need not traverse mere matters of surplusage.

DEFECTIVE VERIFICATION—MOTION TO STRIKE OUT—An answer can not be disregarded because of a defective verification. A judgment rendered on the pleadings upon the grounds of such defect is erroneous. The only proper mode of reaching such a defect is by a motion to strike out.

VERIFICATION.—A verification of a pleading made by a person not a party to the action is sufficient if it shows any statutory reason why it is not made by a party to the action.

ERROR to the district court of the second judicial district, Ada county.

*Albert Heed,* for the plaintiffs in error.

*Huston & Gray,* for the defendants in error.

WHITSON, J., delivered the opinion. HOLLISTER, J., concurred. NOGGLE, C. J., dissented.

This action was brought in the district court of Ada county, by Stephen Durbin against Peter Pence and E. S. Sterling, to recover the damages alleged to have been sustained by reason of the issuing of an injunction in favor of one H. M. Freeman, against the said Durbin, upon the undertaking to which Pence and Sterling had become sureties. The defendants demurred to the complaint upon two grounds: 1. That several causes of action have been improperly united. 2. The said complaint does not state facts sufficient to constitute a cause of action. The demurrer was overruled, and leave given to the defendants to answer the complaint, they excepting to the decision of the court overruling the demurrer. Whereupon the plaintiff moved the court "for judgment on the pleadings, on the

ground that the answer filed herein is irrelevant, inasmuch as it sets forth no defense whatever to the cause of action contained in plaintiffs' complaint. The motion was sustained and judgment given accordingly.

The defendants now bring their writ of error to this court, and assign as grounds therefor: 1. That the demurrer to the complaint should have been sustained. 2. That the motion for judgment on the pleadings should have been denied.

In support of the first point, it is urged that the bond, not being signed by the principal, Freeman, could not bind the defendants. Section 115 of the civil practice act provides that on granting an injunction, the court or judge shall require, except where the people of. the territory are plaintiffs, a written undertaking on the part of the plaintiff, with sufficient sureties, etc. We think the undertaking in this case sufficient in this particular. The law does not require that the plaintiff shall execute an undertaking with sufficient sureties, but that an undertaking shall be executed on the part of the plaintiff, with sufficient sureties.

Again it is urged that several causes of action have been improperly united. This position we think untenable, as the causes of complaint all grow directly out of the breach of the undertaking, and can be the subject of one action only. Even if such objections were well founded, the defendant, having answered after the overruling of his demurrer, can not make such objection here. His right to take any advantage of the defects in the complaint is waived by answering. In such a case, all objections to a pleading are waived by answering, except such as may properly be raised upon a motion in arrest of judgment. (*Pierce* v. *Manturin*, 1 Cal. 470; *De Boom* v. *Priestly*, Id. 206.)

As to the second ground of error, we think it well taken. The motion for judgment was made upon the ground that the answer was irrelevant and was no defense to the cause of action set up in plaintiffs' complaint. The answer puts in issue every material allegation in the complaint. It is true, that the plaintiff gives the items of the damages sustained, which in the aggregate amount to two hundred and

seventy-two dollars, but such items were unnecessary, as all such matters might have been given in evidence under the general allegation of damages on account of a breach of the undertaking; and therefore, such particularity being entirely surplusage, the defendant was not required to traverse them specifically. (*Racouillat* v. *Rene*, 32 Cal. 450.) But it is urged that the verification to the answer is defective, and that per consequence the answer was properly disregarded.

This position can not be sustained. The only way to reach such a defect is by motion to strike out the pleading for want of verification, so that the party may have an opportunity to amend in that respect, if he so desires. The verification is no part of the pleading, but is only a formality required to give it solemnity, and if a party does not make a specific objection to the pleading on that ground, he is presumed to waive it. This is especially so in this case, as the plaintiff in his motion made no objection on that account. (*Greenfield* v. *Steamer Gunnell*, 6 Cal. 67; *Drum* v. *Whiting*, 9 Id. 422; Nash's Pr. and Pl. 97.) But in this case we think the verification good. The affidavit is made by Freeman, against whom the injunction was issued, and who swears that the facts stated in the answer are within his personal knowledge, which is one of the cases in which the affidavit may be made by another person than the party.

Freeman does not state that the defendants are absent from the county, or that they are unable to verify the answer, but upon the other ground, provided in section 55 of the civil practice act, that all the facts are within his own personal knowledge. The reason he assigns for making the affidavit, is the very reason why the defendants do not make, or at least one of the reasons why they need not make it. In the reason assigned by him for making the affidavit, is embodied the very reason why the defendants do not make it.

The judgment of the court below is reversed, and cause remanded.