775 P.2d 1255

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Sammy CAMARILLO,
Defendant–Appellant.**

No. 17567.

Court of Appeals of Idaho.

June 27, 1989.

Sammy Camarillo, *pro se.*

Jim Jones, Atty. Gen. by Michael Kane and Roger Lee Gabel, Deputy Attys. Gen., Boise, for plaintiff-respondent.

BURNETT, Judge.

This appeal comes to us from an order denying a motion to correct an allegedly illegal sentence under Idaho Criminal Rule 35. Sammy Camarillo is serving a twenty-year indeterminate sentence for second degree murder, enhanced by an additional indeterminate period of ten years for using a firearm during commission of the crime. The sole issue is whether the sentence imposed was illegal because the district judge characterized the ten-year enhancement as a "consecutive" sentence. Although we

**414**

disapprove of this terminology, we hold that it does not render the sentence illegal. Therefore, we affirm.

■ The term "consecutive" is inappropriate when referring to a sentence enhancement for use of a firearm. It may connote, inaccurately, the existence of two separate sentences. It is well established in our case law that, regardless of the terminology employed, a firearm enhancement is part of a single sentence. Although we require the enhancement to be specifically identified for possible appellate review, "the base sentence and the enhancement should be construed as one continuous sentence." *State v. Vega,* 113 Idaho 756, 757, 747 P.2d 778, 779 (Ct.App. 1987). *See also State v. Saykhamchone,* 112 Idaho 1128, 739 P.2d 427 (Ct.App.1987); *State v. Money,* 109 Idaho 757, 710 P.2d 667 (Ct.App.1985).

■ Accordingly, we have held that the mere choice of an inappropriate word does not give rise to Rule 35 relief, absent a showing that it has caused the enhanced sentence to be administered improperly. *State v. Vega, supra.* Here, Camarillo has asserted in his appellate brief that the Commission of Pardons and Parole will require him to serve the twenty-year base term until it expires, and then to commence serving the ten-year enhancement, before he will receive parole consideration. However, no factual showing to this effect was made to the district judge. It is in the trial court, not in an appellate court, that factual assertions must be made and proven. *Pro se* litigants are not exempt from this requirement.

■ We note that the record does contain a copy of a memorandum, written by a deputy attorney general in 1986, acknowledging that enhancements are not "consecutive" sentences but suggesting that any language problems in sentences may be resolved only by the sentencing judges, not by correctional authorities. By now, however, it should be clear from our decisions that correctional authorities are empowered, and required, to treat an enhanced sentence as one sentence regardless of language variations. We presume that they are currently doing so. Our presumption is consistent with Attorney General Opinion No. 87–9, advising the Commission of Pardons and Parole that even in cases where consecutive, indeterminate sentences have been properly imposed, it is not necessary for the inmate to serve the first sentence to expiration, and to begin serving the second, before receiving parole consideration. *See* 1987 Op. Att'y Gen. 67 (Idaho 1987). This opinion, and our case law, should put to rest any concerns that may have affected the deputy attorney general's memorandum in 1986.

■ Of course, if Camarillo's sentence is indeed administered improperly, notwithstanding our presumption to the contrary, he may seek relief by petitioning for a writ of mandate or a writ of habeas corpus. Such a petition would require a full and proper factual showing, unlike the skeletal record presented in this case.

The district court's order, denying Camarillo's motion under Rule 35, is affirmed.

WALTERS, C.J., and SWANSTROM, J., concur.