783 P.2d 324

**Robert D. FREEMAN, Petitioner–Appellant,**

v.

**STATE of Idaho, DEPARTMENT OF CORRECTIONS, COMMISSION OF PARDONS AND PAROLES, Respondents.**

**No. 17222.**

Court of Appeals of Idaho.

Dec. 5, 1989.

Nicholas Chenoweth, Orofino, for petitioner-appellant.

Jim Jones, Atty. Gen., Timothy D. Wilson, Deputy Atty. Gen. (argued), for respondents.

SWANSTROM, Judge.

The district court, acting in its appellate capacity, affirmed a magistrate's order dismissing Robert Freeman's petition for writ of habeas corpus. Freeman has appealed from the district court's decision. We must consider two issues: whether the magistrate properly dismissed Freeman's habeas corpus petition for lack of verification, and whether Freeman was unlawfully denied an opportunity for parole. For the reasons that follow, we reverse the district court decision and remand for further proceedings.

In 1982 Freeman pled guilty to two felony counts of lewd and lascivious conduct with children under sixteen years of age. He was sentenced to serve twenty years indeterminate on the first count and ten years indeterminate on the second count. The sentences were consecutive. Freeman appealed, challenging his conviction and the sentences, but the appeal was not successful. *See State v. Freeman,* 110 Idaho 117, 714 P.2d 86 (Ct.App.1986).

In 1987, while incarcerated within Clearwater County, Freeman filed a petition for writ of habeas corpus. He did not verify the petition as required by I.C. § 19–4202(3). This statute requires the petition to be verified by an oath or affirmation of the party making the application. The magistrate issued an order requiring the state to respond to the petition as filed. The state filed a written response to the petition without objecting to its lack of verification or raising the verification issue. After the state's response was filed, but before any hearing on the merits, the magistrate summarily dismissed the petition upon the ground that the petition was not verified as required by statute. Petitioner appealed to the district court, and the district court affirmed. This appeal followed.

"Verification" means "attestation under oath as to the truth" of the matter asserted. *Updegraff v. Adams,* 66 Idaho 795, 799, 169 P.2d 501, 505 (1946). When the court is considering allegations of fact contained in habeas corpus petitions, valid verification may be crucial. Verification of the facts is crucial because the court will examine those allegations to determine whether a legally cognizable claim for relief has been framed by the petition.

■ The propriety of the summary dismissal in this case turns on the issue of whether verification of a petition for habeas corpus is a jurisdictional requisite, without which the court is powerless to grant any relief, or whether verification is a procedural requirement which may be waived if not timely noted by the trial court or raised as a defense by the respondent. We think the latter to be the better reasoned view. As to the present case, we rely upon the well-established precedent of *Pence v. Durbin,* 1 Idaho 550, 23 Pac. States Rep., Idaho Sec. 550 (1874). In *Pence,* the territorial court held that "all objections to a

pleading are waived by answering, except such as may be properly raised upon a motion in arrest of judgment." *Id.* at 551, 23 Pac. States Rep., Idaho Sec. at 551. "Assuming, but not deciding, that the verification was defective, it was waived by failure of the defendants to make a motion before the trial, challenging the verification. A defective verification is not jurisdictional and is waived by failure to make proper motion." *Henley v. Elmore County*, 72 Idaho 374, 379, 242 P.2d 855, 859 (1952). Accordingly, in this case, Freeman's habeas corpus petition was not jurisdictionally defective for want of proper verification.

■ We wish to make it clear that in a proper case, a judge may dismiss a petition for lack of verification, or may grant the state's motion to dismiss on like grounds if timely made. Caution should be exercised, however, to insure that such a dismissal does not deny the constitutional protection of habeas corpus to an individual with a legitimate grievance on purely technical grounds. When a trial court receives an unverified petition, rather than dismissing the petition outright, sua sponte, it would be a better practice for the court to give notice of its intended dismissal, providing an opportunity for cure, as is required by I.C. § 19–4906(b) in the case of a petition for post-conviction relief. Because this step was not taken here and the state did not move to dismiss or to strike the petition on the ground of lack of verification, we hold that the verification requirement was waived.

■ Next, we address Freeman's claim that he was denied parole on unlawful grounds. Freeman acknowledges that the decision to grant or deny a parole is discretionary and is entirely within the power of the Commission of Pardons and Parole (Commission). Parole under the Idaho correctional scheme is not a constitutionally protected right. *See Izatt v. State*, 104 Idaho 597, 661 P.2d 763 (1983). However, he contends that he was arbitrarily passed to his good time release date, which would become the commencement of his second sentence. According to Freeman,

this action was based on the Commission's erroneous view that an inmate serving consecutive sentences could not become eligible for a parole hearing until his good time release date, or until the entirety of his first sentence had been served, whichever came first.

■ As we noted in *State v. Camarillo*, 116 Idaho 413, 775 P.2d 1255 (Ct.App.1989), it is unnecessary for an inmate under consecutive sentences to serve the first sentence to its expiration where that sentence is an indeterminate one. *See also* 1987 Op. Att'y Gen 67 (Idaho 1987). The district court held that Freeman's petition did not show a right to any relief. However, if the Commission denied Freeman a parole hearing solely because of the then-existing policy as Freeman has alleged, then Freeman's petition does assert a ground for relief. For this reason it should not have been summarily dismissed without a hearing. Accordingly, we must reverse the district court's decision and remand with instruction that the case be remanded to the magistrate for vacation of the order of dismissal and for further proceedings consistent with this opinion.

On remand, the magistrate should first determine whether Freeman's petition has become moot. As we noted in *Camarillo*, the former restrictive policy of the Commission has been changed since 1986. We were also informed by counsel at oral argument on this appeal that Freeman has been given at least two parole hearings while this case has been pending. We are informed only that parole has been denied, not the reasons for the denials.

Because of these developments, Freeman should be given a reasonable period of time in which to file an amended verified petition addressing his current status. Unless he can show by specific factual allegations that the Commission has continued to deny him parole based solely upon its former policy requiring all inmates to fully serve the first indeterminate sentence before becoming parole eligible, his petition for relief will have become moot. The magistrate need not, and should not, consider the underlying merits of Freeman's request for

parole. That is an issue solely for the Commission to decide, in the exercise of its discretion.

Accordingly, we reverse and remand as indicated. No costs or attorney fees are awarded.

BURNETT, J., and McKEE, J., Pro Tem., concur.