949 P.2d 1068

**Thomas EUBANK, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

No. 23397.

Court of Appeals of Idaho.

Dec. 8, 1997.

William J. Fitzgerald, Lewiston, for plaintiff.

Alan G. Lance, Attorney General, John C. McKinney, Deputy Attorney General, Boise, for respondent.

SCHWARTZMAN, Judge.

This is a post-conviction relief proceeding brought by Thomas Eubank. The district court summarily dismissed the action on the ground that Eubank's claims were barred by the applicable statute of limitation. We affirm the action of the district court.

## I

### FACTS AND PROCEDURAL BACKGROUND

Following a jury trial Eubank was convicted of two serious felonies, first degree burglary and sexual abuse of a child. Based upon these convictions, and upon a determination that Eubank was a persistent violator under I.C. § 19–2514, the district court imposed a single sentence for a fixed term of life in prison.

On appeal, Eubank challenged the sentence as excessive. This Court agreed and

vacated the fixed life sentence, remanding the case back to the district court for re-sentencing. *State v. Eubank,* 114 Idaho 635, 759 P.2d 926 (Ct.App.1988). On August 4, 1989, Eubank was then sentenced to fifteen years fixed for the burglary offense, and an indeterminate life sentence for the sexual abuse offense. The sentences were to run concurrently, with Eubank eligible for parole in fifteen years. No appeal was taken from this sentence.

On January 24, 1996, Eubank filed a petition for post-conviction relief under the Idaho Uniform Post Conviction Procedure Act, I.C. §§ 19–4901–4911 ("UPCPA"). This petition stated the following grounds for post-conviction relief: (1) The conviction was obtained by insufficient evidence; (2) that Eubank's sentence was excessive; (3) that the district court admitted highly prejudicial evidence; and (4) that an unauthorized psychological evaluation was used against him at sentencing.

The state filed an answer to Eubank's petition and also moved for summary disposition based upon Eubank's untimely filing. After hearing argument the district court granted the state's motion to summarily dismiss Eubank's petition on the ground that it was not timely filed. Eubank now appeals to this Court.

## II

## ANALYSIS

### A. Standard Of Review

Because Eubank's argument on appeal concerns a question of law, this Court exercises free review. *State v. O'Neill,* 118 Idaho 244, 245, 796 P.2d 121, 122 (1990).

### B. The Uniform Post–Conviction Act Versus the Writ of Habeas Corpus

Eubank argues that I.C. § 19–4902 of the UPCPA imposes an impermissible time limitation on the right to petition for a writ of habeas corpus. He further argues that the district court erred in dismissing his petition because the petition was partially based on the constitutional remedy of habeas corpus, which has no time limitation.

As a preliminary matter, then, we must address the distinction between a post-conviction act petition and a petition for writ of habeas corpus. The UPCPA comprehends and replaces all other common law, statutory or other remedies, including the writ of habeas corpus, that were previously available to collaterally challenge the validity of a conviction or sentence. *Abbott v. State,* 129 Idaho 381, 384, 924 P.2d 1225, 1228 (Ct.App.1996) (*citing* I.C. § 19–4901(b)). Accordingly, the UPCPA was instituted as the exclusive vehicle to present claims regarding whether a conviction or sentence was entered in violation of constitutional or statutory law. *Still v. State,* 95 Idaho 766, 768, 519 P.2d 435, 437 (1974). A writ of habeas corpus, on the other hand, is the appropriate method for challenging unlawful conditions of confinement. *Olds v. State,* 122 Idaho 976, 979, 842 P.2d 312, 315 (Ct.App.1992).

In *Abbott,* the petitioner presented allegations in what he termed a petition for writ of habeas corpus. These allegations amounted to assertions that petitioner's guilty plea was obtained and his conviction entered without observation of his constitutional rights and in violation of Idaho statutes. This Court held that "the claims are governed by the UPCPA and are not properly presented through a petition for writ of habeas corpus." *Abbott,* 129 Idaho at 384, 924 P.2d at 1228. It was also noted that: "Other types of challenges to an inmate's incarceration, which are not enumerated in I.C. § 19–4901, including challenges to the conditions of confinement, may continue to be asserted in a petition for a writ of habeas corpus pursuant to I.C. § 19–4201 through 19–4236." *Id.* at n. 1; *see also McKinney v. Paskett,* 753 F.Supp. 861 (D.Idaho 1990) (the writ of habeas corpus remains for such issues as challenging conditions of confinement, but not for contesting the validity of a conviction).

### C. Constitutional Challenge

The United States Supreme Court has held that when a federal habeas petitioner could have raised his claims in state court but did not, and he is now barred from doing so by a state procedural rule, he has proce-

durally defaulted on that claim. *Reed v. Ross,* 468 U.S. 1, 11, 104 S.Ct. 2901, 2907, 82 L.Ed.2d 1 (1984); *Harris v. Reed,* 489 U.S. 255, 262, 109 S.Ct. 1038, 1043, 103 L.Ed.2d 308 (1989) ("an adequate and independent finding of procedural default will bar federal habeas review of the federal claim. . . ."). In other words, a petitioner's failure to comply with the statute of limitation governing post-conviction remedies provides an independent and adequate state ground for the rejection of a petitioner's claims and the federal courts will not review the rejected claims absent a showing of cause for the procedural default and actual prejudice resulting from the default. *Reed,* 468 U.S. at 11, 104 S.Ct. at 2907; *Wainwright v. Sykes,* 433 U.S. 72, 87, 97 S.Ct. 2497, 2506, 53 L.Ed.2d 594 (1977); *see also Murray v. Carrier,* 477 U.S. 478, 496, 106 S.Ct. 2639, 2649, 91 L.Ed.2d 397 (1986) (a federal court may grant a writ of habeas corpus in extraordinary circumstances). In addition, a number of state courts have upheld statutes of limitation on the filing of post-conviction petitions against constitutional attack so long as the restriction is reasonable and does not materially impair the right to post-conviction relief. *See, e.g., People v. Wiedemer,* 852 P.2d 424, 435 (Colo.1993) (statute imposing time limitations for collaterally attacking conviction does not violate state constitutional prohibition against the suspension of the writ of habeas corpus); *Davis v. State,* 443 N.W.2d 707, 709 (Iowa 1989) (recognizing that post-conviction relief, when utilized as a substitute for habeas corpus, may be limited by statute of limitations without violating prohibition against suspension of habeas corpus); *Bartz v. Oregon,* 314 Or. 353, 839 P.2d 217, 225 (1992) (statutory procedures provided by post-conviction act which are reasonable substitute for writ of habeas corpus do not constitute a suspension of the writ).

■ Likewise, the Idaho Supreme Court, in cases challenging the much shorter forty-two day statute of limitation for post-conviction action in death penalty cases, I.C. § 19–2719(3), (4),[1] has held that the limitation does not violate rights under the equal protection

clause and does not deprive a petitioner of due process under the United States and Idaho Constitutions. *State v. Rhoades,* 120 Idaho 795, 820 P.2d 665 (1991), *cert. denied,* 504 U.S. 987, 112 S.Ct. 2970, 119 L.Ed.2d 590 (1992); *State v. Paz,* 118 Idaho 542, 798 P.2d 1 (1990), *cert. denied,* 501 U.S. 1259, 111 S.Ct. 2911, 115 L.Ed.2d 1074 (1991), *overruled on other grounds by State v. Card,* 121 Idaho 425, 432, 825 P.2d 1081, 1088 (1991); *State v. Beam,* 115 Idaho 208, 766 P.2d 678 (1988), *cert. denied,* 489 U.S. 1073, 109 S.Ct. 1360, 103 L.Ed.2d 827 (1989). In *Rhoades,* the Court specifically held that the limitation statute provides a defendant one opportunity to raise all challenges to the conviction and sentence in a post-conviction petition and that the legislature has seen fit to appropriately limit the time frame within which to bring challenges which are known or which reasonably should be known. Thus, when a petitioner is challenging the validity of his conviction, Idaho requires use of the procedures and remedies afforded under the UPC-PA; its proper use avoids repetitious and successive applications, eliminates confusion, and yet protects a defendant's constitutional rights. *See Dionne v. State,* 93 Idaho 235, 237, 459 P.2d 1017, 1019 (1969). Our courts have "declined to exercise the high prerogative writ of habeas corpus in situations where petitioners have possessed other adequate remedies." *Mahaffey v. State,* 87 Idaho 228, 231, 392 P.2d 279, 281 (1964). Moreover, this Court has upheld the constitutionality of the one-year statute of limitation on the right to file post-conviction relief under the constitutional guarantee of due process. *See Martinez v. State,* 130 Idaho 530, 535, 944 P.2d 127, 132 (Ct.App.1997), *citing Esquivel v. State,* 128 Idaho 390, 913 P.2d 1160 (1996).

■ We find Eubank's constitutional challenge to the time limitation required under I.C. § 19–4902 to be without merit. Based upon our review and analysis, we hold that there has been no constitutional violation of Eubank's right to petition for a writ of habeas corpus under the Idaho Constitution, art. I, § 5.

---

1. "Any remedy available by post-conviction procedure, *habeas corpus* or any other provision of state law must be pursued according to the procedures set forth in this section and within the time limitations of subsection (3) of this section." I.C. § 19–2719(4) (emphasis added).

**D. The District Court did not Err in Dismissing Eubank's Petition for Untimeliness**

■ Turning now to a review of Eubank's UPCPA petition, we note that the following grounds for post-conviction relief were listed:

(1) The conviction was obtained by insufficient evidence.

(2) Petitioner's sentence was excessive in violation of eighth Amendment [sic] of the United States Constitution.

(3) Highly prejudicial evidence was admitted by the judge, against the petitioner.

(4) An un-authorized [sic] psychological evaluation used against the petitioner at sentencing.

These four claims are all properly cognizable under the UPCPA and, as such, are subject to I.C. § 19–4902 which reads as follows: "An application may be filed at any time within one year from the expiration of the time for appeal or from the determination of an appeal or from the determination of a proceeding following an appeal, whichever is later." I.C. § 19–4902.

■ Eubank's final re-sentencing occurred on August 4, 1989, following the vacation of his original sentence; no appeal was taken from this judgment. In 1989, the time period for filing a petition for post-conviction relief was five years. Accordingly, Eubank would have had until August 4, 1994, to initiate this action. In 1993, the Idaho legislature amended I.C. § 19–4902 by reducing the time frame to the current one-year period. 1993 Sess. Laws, ch. 265, p. 898. This amendment took effect on July 1, 1993, giving Eubank one year from the effective date of the amendment in which to file a UPCPA petition. *Chapman v. State*, 128 Idaho 733, 734, 918 P.2d 602 (Ct.App.1996); *La Fon v. State*, 119 Idaho 387, 807 P.2d 66 (Ct.App. 1991); *Mellinger v. State*, 113 Idaho 31, 740 P.2d 73 (Ct.App.1987).

Eubank's UPCPA petition was not filed until January 24, 1996, well past the time period provided in I.C. § 19–4902. We thus affirm the district court's decision dismissing Eubank's post-conviction act petition.

LANSING, C.J., and PERRY, J., concur.