90 P.3d 1272

**Michael A. LAKE, Petitioner–Appellant,**

v.

**Russell NEWCOMB, Camille Tillinghast, Jay Nelson, Daniel Sharp, Joe Klauser, Olivia Craven, et al., Respondent.**

No. 29028.

Court of Appeals of Idaho.

May 6, 2004.

Michael A. Lake, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Timothy R. McNeese, Deputy Attorney General, Boise, for respondent.

LANSING, Chief Judge.

This is an appeal from the magistrate court's denial of a petition for a writ of habeas corpus. The petitioner, Michael A. Lake, was sentenced in 1984 to four consecutive indeterminate sentences of imprisonment. A fifth consecutive sentence was later imposed. The principal issue presented by his appeal is whether the Idaho Commission of Pardons and Parole (the Commission) violated the law by failing to grant Lake a parole hearing to consider his eligibility for institutional parole at any time during the service of his first two sentences and, if so, whether his claim for that violation is moot because the first two sentences have now been fully served. We reverse the magistrate's determination that this issue is moot, and we remand for further proceedings on this claim.

## I.

## BACKGROUND

In April 1984, Lake was convicted of four counts of lewd conduct with a minor child. The trial court imposed a ten-year sentence of imprisonment for each count, with the sentences to be served consecutively. As provided under the sentencing statutes then in effect, all of the sentences were indeterminate. The district court initially suspended the sentences and placed Lake on probation, but in 1985, Lake was found to have violated the terms of his probation. The probation was therefore revoked and Lake began serving his sentences. In 1986, Lake was convicted of escape, for which he received a fifth indeterminate sentence of three years, to be served consecutively to the lewd conduct sentences.

Lake filed an appeal from the judgment of conviction but subsequently withdrew the appeal. In 1990, he filed an action for post-conviction relief which generated two appeals. *Lake v. State*, 124 Idaho 259, 858 P.2d 798 (Ct.App.1993); *Lake v. State*, 126 Idaho 333, 882 P.2d 988 (Ct.App.1994). Lake also filed at least two Idaho Criminal Rule 35 motions alleging that his sentences were illegal, but the record before us does not disclose the disposition of those motions.

The present action was initiated in May 2000 when Lake filed a petition for a writ of habeas corpus. Lake raised numerous claims, the principal one for purposes of this appeal being a claim that the Commission [1] improperly denied Lake any consideration for institutional parole during the course of

1. The named respondents in Lake's petition are individuals who were members of the Commission at the time the petition was filed, the executive director of the Commission and Department

his first two ten-year sentences.[2] The Commission responded with a motion to dismiss pursuant to Idaho Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which habeas corpus relief could be granted. The magistrate court granted the State's motion with respect to all of Lake's claims except the one concerning the denial of institutional parole on the first two sentences. As to that claim, the magistrate ordered the parties to submit additional authority and documentation related to Lake's parole eligibility. The magistrate thereafter dismissed that remaining claim on the basis that it was moot because the first two sentences had been served in full.

Lake appealed to the district court. Although the district court expressed concern that the Commission's apparent policy of refusing to consider Lake for institutional parole on his two initial sentences ignored both an attorney general's opinion and decisions of this Court, the district court nevertheless affirmed the magistrate's determination that the claim is moot because the sentences in question had been served and Lake could no longer be paroled from them.

Lake now further appeals. He argues that the lower courts incorrectly dismissed his claim regarding the denial of parole hearings. He also presents miscellaneous additional issues concerning denial of access to documents in his file maintained by the Commission, denial of credits on his sentences for time served, and a contention that cumulatively, his sentences violate the Eighth Amendment guarantee against cruel and unusual punishment.

## II.

## ANALYSIS

In an appeal from a decision of the district court made in its appellate capacity, we ex-amine the record before the magistrate and review the magistrate's judgment. Although we give due regard to the district court's appellate opinion, our review is of the magistrate's decision. *In re Henry,* 127 Idaho 349, 350, 900 P.2d 1360, 1361 (1995); *Martin v. Spalding,* 133 Idaho 469, 471, 988 P.2d 695, 697 (Ct.App.1998).

Where, as here, the trial court considered matters outside of the pleadings in addressing an I.R.C.P. 12(b)(6) motion to dismiss, the motion is treated as one for summary judgment. I.R.C.P. 12(b)(6); *Merrifield v. Arave,* 128 Idaho 306, 307, 310, 912 P.2d 674, 675, 678 (Ct.App.1996). Summary judgment is permissible only when the pleadings and evidence before the trial court show that there is no genuine issue of any material fact and that the moving party is entitled to judgment as a matter of law. I.R.C.P. 56(c); *Martin,* 133 Idaho at 471, 988 P.2d at 697.

## A. Denial of Consideration for Institutional Parole

We first consider Lake's claim that he was unlawfully denied hearings to consider his suitability for institutional parole on his first two sentences.[3] Examination of this claim requires application of the sentencing laws and parole procedures that were in effect when Lake was convicted. In 1984, when Lake was sentenced, most prison sentences were indeterminate, meaning that the trial court imposed no minimum term that must be served before parole eligibility. *See* I.C. § 20–223, *amended by* 1986 Idaho Sess. Laws ch. 232, § 5. The actual period of confinement under these indeterminate sentences was determined by the Commission's parole decisions. *See id.* For serious felonies, including lewd and lascivious conduct,

---

of Correction personnel. For convenience, we refer to the respondents collectively as "the Commission." Many of these individuals were not associated with the Commission or the Department of Correction at the time of denial of parole hearings about which Lake complains in this case.

**2.** Although the sentences were for terms of ten years, under Idaho's pre–1987 sentencing statutes, prisoners could earn good-time credits which would shorten their sentences, and we glean from the record that application of such credits reduced the duration of Lake's first two sentences to approximately six years and eight months each.

**3.** The Commission does not dispute that this claim is cognizable in a habeas corpus proceeding under I.C. § 19–4203(2)(c) as a claim for miscalculation of sentences.

parole eligibility commenced when the defendant had served five years or one-third of the sentence, whichever was least. *Id. See also State v. Toohill,* 103 Idaho 565, 569, 650 P.2d 707, 711 (Ct.App.1982).

The sentencing system changed effective February 1, 1987, with the adoption of the "Unified Sentencing Act," I.C. § 19–2513, which required that a sentencing court impose a minimum period of confinement that must be served before an inmate would be parole eligible. The Unified Sentencing Act did not affect the sentences or parole eligibility for persons like Lake whose crimes were committed prior to the effective date of the new statute. I.C. § 19–2513.

The pre–1987 statutes did not specify how parole was to be conferred when an inmate was serving consecutive indeterminate terms. However, at the request of the Commission the Idaho Attorney General issued an opinion in 1987 providing guidance on this subject, Attorney General Opinion 87–9. Relying in part upon the Idaho Supreme Court's decision in *State v. Kaiser,* 108 Idaho 17, 696 P.2d 868 (1985), the attorney general opined that an inmate, while remaining incarcerated, could be paroled from an indeterminate sentence to a consecutive sentence. That is, an inmate could be on "institutional parole" from a prior sentence while simultaneously serving a consecutive sentence. The attorney general's opinion noted that "[b]y employing such an approach, the Commission will be able to avoid the harsh result of the conversion of an indeterminate sentence to a fixed sentence as a result of the presence of a consecutive term."

The attorney general's opinion that institutional parole was authorized where consecutive sentences were being served was endorsed by this Court in *State v. Camarillo,* 116 Idaho 413, 414, 775 P.2d 1255, 1256 (Ct. App.1989), where we stated: "Our presumption is consistent with Attorney General Opinion No. 87–9, advising the Commission of Pardons and Parole that even in cases where consecutive, indeterminate sentences have been properly imposed, it is not necessary for the inmate to serve the first sentence to expiration, and to begin serving the second, before receiving parole consideration."

Shortly thereafter, in *Freeman v. State, Dep't of Corrections, Comm'n of Pardons and Paroles,* 116 Idaho 985, 783 P.2d 324 (Ct.App.1989), we reiterated that an inmate serving consecutive sentences under the pre–1987 statutes would become eligible for institutional parole on the earlier sentences. In that case, an inmate was sentenced in 1982 to consecutive terms for two counts of lewd and lascivious conduct with a minor child. He filed a petition for a writ of habeas corpus claiming that he had been unlawfully denied parole on the first sentence. The petition was dismissed by the trial court. In reversing the dismissal, we offered the following discussion:

> Next, we address Freeman's claim that he was denied parole on unlawful grounds. Freeman acknowledges that the decision to grant or deny a parole is discretionary and is entirely within the power of the Commission of Pardons and Parole (Commission). Parole under the Idaho correctional scheme is not a constitutionally protected right. *See Izatt v. State,* 104 Idaho 597, 661 P.2d 763 (1983). However, he contends that he was arbitrarily passed to his good time release date [on the first sentence], which would become the commencement of his second sentence. According to Freeman, this action was based on the Commission's erroneous view that an inmate serving consecutive sentences could not become eligible for a parole hearing until his good time release date, or until the entirety of his first sentence had been served, whichever came first.
>
> As we noted in *State v. Camarillo,* 116 Idaho 413, 775 P.2d 1255 (Ct.App.1989), it is unnecessary for an inmate under consecutive sentences to serve the first sentence to its expiration where that sentence is an indeterminate one. *See also* [Attorney General Opinion 87–9]. The district court held that Freeman's petition did not show a right to any relief. However, if the Commission denied Freeman a parole hearing solely because of the then-existing policy as Freeman has alleged, then Freeman's petition does assert a ground for

relief. For this reason it should not have been summarily dismissed without a hearing. Accordingly, we must reverse the district court's decision and remand with instruction that the case be remanded to the magistrate for vacation of the order of dismissal and for further proceedings consistent with this opinion.

*Freeman*, 116 Idaho at 987, 783 P.2d at 326. The *Freeman* decision is directly on point and is controlling in Lake's case.[4]

Lake alleges that long after issuance of Attorney General Opinion No. 87-9 and long after the issuance of our decisions in *Camarillo* and *Freeman*, the Commission continued to apply to Lake the policy disallowing institutional parole where consecutive sentences remained to be served,[5] and he therefore was given no consideration for institutional parole on his first two sentences. Lake has presented evidence that substantiates his allegation and, indeed, the Commission does not appear to controvert it. It is undisputed that Lake was afforded no hearing for consideration of institutional parole at any time during the service of his first two sentences.[6] Therefore, unless his claim is moot, Lake's allegations are sufficient to state a claim for relief, and the evidence is sufficient to raise genuine factual issues that would preclude summary judgment.

■ Accordingly, we must consider whether the lower courts were correct in their conclusions that the claim is moot. Mootness is a question of law subject to our free review. *Sivak v. State*, 115 Idaho 760, 761, 769 P.2d 1132, 1133 (Ct.App.1989). A case or controversy becomes moot when the issues are no longer live or the parties have no legally cognizable interest in the outcome.

*Bradshaw v. State*, 120 Idaho 429, 432, 816 P.2d 986, 989 (1991). Thus, a claim is moot if even a favorable decision on the issues would not result in any relief to the claimant. *Murphy v. Hunt*, 455 U.S. 478, 481–82, 102 S.Ct. 1181, 1183–84, 71 L.Ed.2d 353, 356–57 (1982); *Idaho Schools for Equal Educ. Opportunity v. Idaho State Bd. of Educ.*, 128 Idaho 276, 282, 912 P.2d 644, 650 (1996); *Freeman v. Idaho Dep't of Corr.*, 138 Idaho 872, 875, 71 P.3d 471, 474 (Ct.App.2003). An otherwise moot issue remains justiciable, however, if the challenged conduct may continue to cause collateral legal consequences for the aggrieved party. *Butler v. State*, 129 Idaho 899, 900–01, 935 P.2d 162, 163–64 (1997); *State v. Alldredge*, 96 Idaho 7, 8, 523 P.2d 824, 825 (1974); *Freeman*, 138 Idaho at 875, 71 P.3d at 474. An adverse effect on an inmate's eligibility for future parole is within the class of collateral legal consequences that prevents a case from being deemed moot. *Butler*, 129 Idaho at 900–01, 935 P.2d at 163–64; *Smith v. State*, 94 Idaho 469, 471–72, 491 P.2d 733, 735–36 (1971); *Calkins v. May*, 97 Idaho 402, 403, 545 P.2d 1008, 1009 (1976); *Alldredge*, 96 Idaho at 8, 523 P.2d at 825; *Storm v. Spaulding*, 137 Idaho 145, 148, 44 P.3d 1200, 1203 (Ct.App.2002).

■ In Lake's case, the denial of an opportunity for institutional parole on his first two sentences carries potential collateral consequences of substantial magnitude. According to the limited information in the appellate record, if Lake had been considered for parole at his earliest eligibility, he might have been given institutional parole on his first sentence as early as June 1988 and could have then begun serving his second sentence, from which he could have been institutionally paroled during or about October 1991. In-

---

4. As the *Freeman* court recognized in the quoted comments, Lake's claim is not precluded by the rule that inmates lack a cognizable liberty interest in parole and therefore have no constitutional right to due process in parole hearings. *See Izatt v. State*, 104 Idaho 597, 661 P.2d 763 (1983). Lake does not claim denial of procedural due process in a parole hearing but rather that he was denied any parole hearing at all on unlawful grounds.

5. Although it is not clear from the record, it appears that the Commission may have adopted the policy of disallowing parole on any sentence

that was to be followed by a consecutive sentence as a result of a district court's decision disapproving the Commission's prior practice of "discharging" an inmate from an initial sentence so that the inmate could begin serving a consecutive sentence. *See Bates v. Murphy*, 118 Idaho 239, 796 P.2d 116 (1990).

6. A parole hearing was presumably conducted for Lake's third sentence, for a "sentence calculation sheet" in the record, prepared by the Commission, indicates that Lake was eligible for parole on that sentence in 2001.

stead, he was required to serve the full term of both sentences which, reduced for good time credits, did not expire until July 1998. The denial of the opportunity for institutional parole thus potentially added nearly seven years to Lake's overall period of incarceration.

██ Of course, it cannot now be determined with certainty whether or at what point during his first two sentences Lake would have been granted institutional parole if hearings had been afforded him. Nevertheless, in light of the magnitude of the possible continuing consequence to Lake, we think it is not enough for Idaho courts to declare the matter moot simply because no remedy can now be devised that would place Lake in precisely the position that he would have occupied if the Commission had carried out its mandate correctly. "[T]he limitations upon the remedy afforded by habeas corpus should be flexible and readily available to prevent manifest injustice...." *Johnson v. State*, 85 Idaho 123, 128–29, 376 P.2d 704, 707 (1962). *See also Calkins*, 97 Idaho at 403, 545 P.2d at 1009; *Mahaffey v. State*, 87 Idaho 228, 231, 392 P.2d 279, 280 (1964). Further, I.C. § 19–4214, a statute adopted for implementation of the constitutional right of habeas corpus, expressly authorizes courts to order that a prisoner's miscalculated sentence "be recalculated consistent with the court's findings and conclusions." I.C. § 19–4214(1). Therefore, we hold that this case is not moot. We reverse the magistrate's dismissal order as to this claim and remand for further proceedings.

On remand, if the magistrate finds that Lake was in fact improperly denied parole hearings as alleged, it will be for the magistrate to devise an appropriate remedy by which the sentences may be "recalculated." Without excluding any other possible remedies that may be suggested by the parties or devised by the magistrate, we will mention two potential approaches for illustrative purposes. First, the magistrate could direct that the parole eligibility dates for Lake's remaining sentences be accelerated to the dates that would have applied if institutional parole had been granted at the earliest available date on Lake's first two sentences. This would have the effect of retroactively making Lake parole eligible earlier on each of his subsequent sentences. It would also shorten the overall remaining indeterminate period because institutional parole has the effect of partially transforming consecutive sentences into concurrent ones. Consequently, this remedy may not be the best choice if the magistrate is persuaded, after taking evidence, that timely hearings would not have resulted in Lake being granted institutional parole on the first two sentences at the earliest eligibility date.

Second, the magistrate could order that Lake's sentences be administered in the manner that consecutive sentences are now handled under the Unified Sentencing Act, with all minimum terms being served first, followed by service of the indeterminate terms. *See* I.C. § 19–2513. With this approach, Lake would be eligible for non-institutional parole upon completion of the cumulative minimum term (i.e., one-third of all the sentences for lewd conduct).[7] Based upon the documents in the record, it appears that this remedy would make Lake currently eligible for a parole hearing.

## B. Other Issues

Lake raised several other claims in his habeas corpus petition, none of which we find to have merit. We will address them briefly.

### 1. Secret dossier

██ Lake complains that the Commission has denied him access to documents in his file that are used to determine parole eligibility, inmate classification, prison employment and other matters. This claim was properly dismissed by the magistrate. Habeas corpus proceedings may be used to

---

7. This could be viewed as reinstating part of the first two sentences, even though they are now said to have been served in their entirety. Such reinstatement, however, would not be prejudicial to Lake, since he would be receiving credit for having served fixed portions of subsequent sentences in exchange for having equal indeterminate portions reinstated for the first two. Lake would therefore be eligible for non-institutional parole sooner, and the cumulative sentence remaining would not be increased.

make certain challenges to confinement or unlawful conditions of confinement, but not to compel access to government records. I.C. § 19–4203; *Eubank v. State,* 130 Idaho 861, 863, 949 P.2d 1068, 1070 (Ct.App.1997); *Freeman,* 116 Idaho 985, 783 P.2d 324. Although discovery is permitted with leave of the court in a habeas corpus action, I.C. § 19–4210, a request for access to records is not a separately actionable claim. To the extent that discovery may be necessary in this case for development of a full evidentiary record on the claim that is being remanded to the magistrate division, the magistrate may authorize such discovery.

### 2. Credits on sentences

◼ Lake next contends that he has not received credit for time he served in jail in Arizona after his arrest on an Idaho warrant for the escape offense. Because this claim was previously presented on a motion for correction of the sentence under Idaho Criminal Rule 35, it may not be presented again by a habeas corpus petition. Idaho Code § 19–4203(4) provides that habeas corpus:

> shall not be used as a substitute for, or in addition to, a direct appeal of a criminal conviction or proceedings under Idaho criminal rule 35 or the uniform post-conviction procedures act, chapter 49, title 19, Idaho Code, and the statutes of limitations imposed therein.

If and to the extent that Lake contends that the sentencing court never acted upon his Rule 35 motion, that is a matter to be taken up with the sentencing court through a request for a ruling on the motion.

◼ Lake also claims that he is not being provided an appropriate calculation of his good time credits. Under I.C. § 20–101A(5), Lake may earn good time credits of ten days per month of his sentence. Lake's argument that he is being given insufficient good time credit is based upon a false assumption that ten days per month is equivalent to one-third of the sentence. Because not every month has thirty days, ten days per month does not equate to one-third of the sentence. The good time credit allowed is 120 days per year, not one-third of 365 or 366 days.

◼ Lake also contends that he is entitled to credit on each one of his consecutive sentences for a period of incarceration under the retained jurisdiction program. *See* I.C. § 19–2601(4). This assertion is without merit. While Lake's incarceration during retained jurisdiction constitutes service on a sentence, it is not to be credited against *all* of the sentences. It is treated as any other period of confinement within the custody of the Board of Correction. *Cf. State v. Hoch,* 102 Idaho 351, 630 P.2d 143 (1981) (where defendant was sentenced to consecutive sentences, credit for prejudgment confinement is to be given on only one of the sentences).

A further argument by Lake, that his consecutive sentences were converted to concurrent sentences because he was initially placed on probation, is without any basis in law and warrants no further discussion.

### 3. Cruel and unusual punishment

◼ Lastly, Lake contends that the cumulative length of his consecutive sentences is excessive and constitutes cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution. This claim was properly dismissed in this habeas corpus proceeding. Idaho law provides a number of avenues by which a convicted defendant may challenge a sentence as violating the Eighth Amendment; a habeas corpus action is not one of them. Such challenges may be pursued by a direct appeal from the judgment of conviction and sentence, by a motion to correct an unlawful sentence under I.C.R. 35, or by an action for post-conviction relief pursuant to I.C. § 19–4901(a)(3) and (6). As noted above, I.C. § 19–4203(4) specifies that habeas corpus may not be used as a substitute for a direct appeal of a criminal conviction, a Rule 35 motion, or a post-conviction relief action. *See also Eubank,* 130 Idaho at 863, 949 P.2d at 1070 ("The UPCPA comprehends and replaces all other common law, statutory or other remedies, including the writ of habeas corpus, that were previously available to collaterally challenge the validity of a conviction or sentence."); *Abbott v. State,* 129 Idaho 381, 384, 924 P.2d 1225, 1228 (Ct.App.1996) (same). Lake has previously pursued a Rule

35 motion and a post-conviction relief action. These may have included an Eighth Amendment attack on his sentences, although that is not apparent from the record. In any event, his present attempt to pursue such a claim through a habeas corpus action is impermissible.

## III.

### CONCLUSION

For the foregoing reasons, we reverse the dismissal of Lake's claim that he was improperly denied consideration for institutional parole on his first two sentences and remand to the magistrate division for further proceedings on that claim. The magistrate's dismissal order is affirmed, however, with respect to all other claims alleged in Lake's petition for a writ of habeas corpus.

Judge PERRY and Judge GUTIERREZ concur.