James A. BURTCHETT, Petitioner—Appellant,

v.

State of IDAHO; Larry Wright, Warden SICI; Alan Lance, Attorney General, Respondents—Appellees.

No. 03–35900.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 1, 2004.[*]

Decided Nov. 10, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Amy M. Schwering, Esq., FPDWA–Federal Public Defender's Office (Eastern WA & ID), Spokane, WA, for Petitioner–Appellant.

T. Paul Krueger, II, Deputy Attorney General Chief Capital Litigation Unit, Boise, ID, for Respondent–Appellee.

Before: ALARCÓN, W. FLETCHER, and RAWLINSON, Circuit Judges.

### MEMORANDUM **

On September 12, 1990, an Idaho state jury convicted James Burtchett of two counts of lewd and lascivious conduct with a child and four counts of sexual abuse of a child under the age of sixteen years. Burtchett suffers from severe hearing loss which hampered his ability to communicate with his counsel and participate in the trial. The trial court did not make any accommodations for Burtchett's hearing loss.

Burtchett's attorney did not file an appeal of Burtchett's conviction because he believed an appeal to be hopeless, despite the fact that Burtchett had asked him to appeal. Burtchett eventually filed a petition for post-conviction relief under Idaho's Uniform Post–Conviction Procedures Act ("UPCPA"), Idaho Code § 19–4901 *et seq.*, but Burtchett did not challenge his conviction in that petition. Burtchett did not raise the claims he raises here—ineffective assistance of counsel and due process violations—until he filed an original habeas petition in the Idaho Supreme Court in 1999. The Idaho Supreme Court summarily denied that petition.

Burtchett filed this habeas petition on May 2, 2000. The district court dismissed the petition as procedurally barred. Dismissals based on a state procedural default are reviewed de novo. *Griffin v. Johnson,* 350 F.3d 956, 960 (9th Cir.2003).

To collaterally attack a conviction in Idaho, one must file a petition under the UPCPA. Though habeas corpus petitions still exist in Idaho for some purposes, the procedures of the UPCPA are intended to be the exclusive procedure for contesting the legality of a conviction or sentence. *Eubank v. State,* 130 Idaho 861, 949 P.2d 1068, 1070 (1997). Under the UPCPA, a petition for post-conviction relief must be filed within one year of the expiration date for filing a direct appeal. Idaho Code § 19–4902. Burtchett did not raise the claims he raises here in his UPCPA petition. He is not eligible to file a second petition under the UPCPA raising the claims he raises here, as the statute of limitations has run. Indeed, the statute of limitations had run by the time Burtchett

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

filed his original habeas petition in the Idaho Supreme Court. This is why the district court characterized Burtchett's state habeas petition as "an end run around the time limitations in the UPCPA."

Burtchett makes three arguments aimed at showing cause and prejudice for his procedural default. First, he argues that he should be excused from default on his ineffective assistance of counsel (IAC) claim because it could not have been raised on direct appeal. The state concedes that Burtchett is correct in asserting that the proper procedure for challenging the effectiveness of trial counsel in Idaho is a post-conviction petition. However, this is beside the point, as Burtchett did not raise the IAC claim in his UPCPA petition. He did not raise the IAC claim until he filed his original habeas petition with the Idaho Supreme Court. At that point, the claim was already procedurally defaulted due to the statute of limitations in the UPCPA. Burtchett alleges no IAC that caused him to miss the statute of limitations.

Burtchett's second argument is that if he has successfully shown cause and prejudice for the IAC claim, that showing suffices to show cause and prejudice for his procedural default of his due process claims. Burtchett concedes that for this argument to succeed, he must first show cause and prejudice for the IAC claim. Because he did not, this argument fails.

Finally, Burtchett argues that his hearing problems and poor communication skills establish cause for his procedural default of his due process claims. To show cause, a petitioner must show that "some objective factor external to the defense impeded [the petitioner's] efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). Once again, Burtchett argues that he could not have presented his due process arguments on direct appeal. This argument fails because the source of Burtchett's procedural default is not his failure to raise his due process arguments on direct appeal, but rather his failure to raise them in his UPCPA post-conviction petition. Burtchett also cannot establish cause based on his hearing loss for his failure to raise his due process arguments in his post-conviction petition. Burtchett was aware that his hearing loss interfered with his ability to participate in the trial, and he was aware that his counsel had failed to file an appeal.

Since Burtchett has failed to establish cause for his procedural default, it is unnecessary to consider whether he can show prejudice.

AFFIRMED.