IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 40310

| JAMES T. HAAS, | ) | 2013 Unpublished Opinion No. 714 |
|---|---|---|
| | ) | |
| Petitioner-Appellant, | ) | Filed: October 17, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| OLIVIA CRAVEN, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Daniel C. Hurlbutt, District Judge.

Judgment dismissing petition for a writ of habeas corpus, affirmed.

James T. Hass, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Leslie M. Hayes, Deputy Attorney General, Boise, for respondent.

_____

PERRY, Judge Pro Tem

James T. Haas appeals from the judgment dismissing his petition for a writ of habeas corpus. Specifically, Hass contends the district court erred by granting the State's motion for summary judgment. We affirm.

In 1993, following his conviction for lewd conduct with a minor under sixteen, Haas was sentenced to a unified term of thirty years with five years determinate. The sentence was suspended and Haas was placed on probation for ten years. In 1999, Haas' probation was revoked and he was sentenced to serve a unified term of fifteen years with five years determinate. At the same time, Haas was sentenced on a second crime of sexual battery of a minor child. For this new offense Haas was given a unified twenty-five-year term with nine years determinate. The sentences in Haas' two cases were ordered to run concurrently. Haas became parole eligible in April 2006 and has a full term expiration date of April 2024.

The parole commission scheduled Haas for an initial parole hearing in December 2007; however, it held a hearing for Haas in November 2005. Parole was denied at that time. Haas

1

filed a Self-Initiated Progress Report (SIPR), which was reviewed by the commission and denied in November 2006. Haas filed two more SIPR documents in 2008 and again in 2009, along with letters, disciplinary reports, and prior hearing minutes, both of which were denied by the commission. In April 2012, the commission held a parole hearing and recommended that parole be denied for lack of programming, seriousness of Haas' crimes, nature of the crimes, criminal history, institutional behavior, failure to internalize previous treatment, and public safety. Parole was denied and Haas is scheduled for another hearing in 2022.

In May 2012 Haas filed a petition for a writ of habeas corpus. In his petition, Haas asserted that his underlying sentence violated the prohibition against cruel and unusual punishment, and that the parole commissions' denial of parole was not based on "some evidence" and was therefore arbitrary. Olivia Craven, the only named defendant, filed a response and a motion to dismiss. The district court treated Craven's motion as one for summary judgment and allowed Haas to file a reply. After reviewing Haas' reply, the district court granted Craven's motion and entered a judgment. Haas appealed.

The writ of habeas corpus is a constitutionally mandated mechanism to effect the discharge of an individual from unlawful confinement. *See* IDAHO CONST. art. I, § 5; I.C. §§ 19-4201 to 19-4226; *Mahaffey v. State*, 87 Idaho 228, 231, 392 P.2d 279, 280 (1964); *Gawron v. Roberts*, 113 Idaho 330, 333, 743 P.2d 983, 986 (Ct. App. 1987). The essence of habeas corpus is an attack upon the legality of a person's detention for the purpose of securing release where custody is illegal and is an avenue by which relief can be sought where detention of an individual is in violation of a fundamental right. *In re Robison*, 107 Idaho 1055, 1057, 695 P.2d 440, 442 (Ct. App. 1985). An in-state prisoner may file a petition for a writ of habeas corpus to request that a court inquire into state or federal constitutional questions concerning conditions of confinement, the revocation of parole, miscalculation of a sentence, loss of good time credits, or detainers lodged against the prisoner. I.C. § 19-4203(2)(a)-(e). Habeas corpus should not be used as a substitute for, or in addition to, a direct appeal of a criminal conviction or proceeding under Idaho Criminal Rule 35 or the Uniform Post-Conviction Procedures Act. I.C. § 19-4203(4).

The decision to issue a writ of habeas corpus is a matter within the discretion of the court. *Johnson v. State*, 85 Idaho 123, 127, 376 P.2d 704, 706 (1962); *Brennan v. State*, 122 Idaho 911, 914, 841 P.2d 441, 444 (Ct. App. 1992). When we review an exercise of discretion in a habeas

2

corpus proceeding, we conduct a three-tiered inquiry to determine whether the lower court rightly perceived the issue as one of discretion, acted within the boundaries of such discretion, and reached its decision by an exercise of reason. *Brennan*, 122 Idaho at 914, 841 P.2d at 444; *Sivak v. Ada County*, 115 Idaho 762, 763, 769 P.2d 1134, 1135 (Ct. App. 1989). If a petitioner is not entitled to relief on a petition for a writ of habeas corpus, the decision by the petitioned court to dismiss the petition without an evidentiary hearing will be upheld. *Brennan*, 122 Idaho at 917, 841 P.2d at 447. When a court considers matters outside the pleadings on an Idaho Rule of Civil Procedure 12(b)(6) motion to dismiss, such motion must be treated as a motion for summary judgment. *Hellickson v. Jenkins*, 118 Idaho 273, 276, 796 P.2d 150, 153 (Ct. App. 1990).

There is no constitutionally protected right to parole. *Warren v. Craven*, 152 Idaho 327, 331, 271 P.3d 725, 729 (Ct. App. 2012). The United States Supreme Court has held that no constitutional right attaches to the mere possibility of conditional liberty. *See Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979); *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972). The Idaho Supreme Court has concluded that Idaho statutes do not provide a legitimate expectation of parole, but merely the possibility thereof. *See Izatt v. State*, 104 Idaho 597, 600, 661 P.2d 763, 766 (1983).

Haas raises the same two issues on appeal.[1] As to Haas' assertion that his sentence violates the prohibition against cruel and unusual punishment, he fails to raise a legitimate claim for habeas relief. As this Court has previously held, "Idaho law provides a number of avenues by which a convicted defendant may challenge a sentence as violating the Eighth Amendment; a habeas corpus action is not one of them." *Lake v. Newcomb*, 140 Idaho 190, 196, 90 P.3d 1272, 1278 (Ct. App. 2004). Therefore, we will not address this argument further.

Haas also asserts that the decision by the parole commission to deny parole had no rational basis and was not based on the evidence. The record shows that there was ample evidence for the parole commission to rely on in its decision to deny parole to Haas. Minutes from the April 2012 hearing show that the commission considered Haas' performance on probation, his institutional behavior, the nature of the crimes and the victims, his programming while incarcerated, letters of support submitted by Haas, his sex offender risk assessment, his prior criminal history, and Haas' own statements and parole plan, as well as the victim

---

[1] Haas also appears to argue that the district court erred by sua sponte granting the State's motion. We conclude that assertion is belied by the record and will not address it further.

statements and recommendations of the hearing officer. Haas appears to argue that, because he completed a sex offender treatment program required by inmates prior to being released on parole, he should be automatically given parole. He also asserts that the commission should not use his statements made during the program against him.

Contrary to Haas' position, he is not entitled to parole at any time during his indeterminate term. In denying parole the commission does not extend his sentence beyond what he received from the district judge. The fact that Haas disagrees with the commission's decision, or that he believes more serious offenders are being released or that the commission did not give enough weight to his completion of a sex offender program, does not make the commission's decision arbitrary. Haas has failed to show error.

Finally, Craven requests costs and attorney's fees on appeal. The district court found Haas' action frivolous and awarded fees below. Haas did not appeal that award. We agree with the district court. Pursuant to Idaho Code § 12-122 and Idaho Appellate Rule 41, costs and attorney's fees are awarded to Craven.

The district court did not err in granting the State's motion for summary judgment. We affirm the judgment dismissing Haas' petition for a writ of habeas corpus.

Judge LANSING and Judge GRATTON **CONCUR.**

4