**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 42652**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2015 Unpublished Opinion No. 598** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: August 26, 2015** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **MICHAEL CHARLES WILLIAMS,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bingham County. Hon. David C. Nye, District Judge.

Order denying Rule 35 motion and motion for appointment of counsel, <u>affirmed</u>.

Michael C. Williams, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Ted S. Tollefson, Deputy Attorney General, Boise, for respondent.

---

GRATTON, Judge

Michael Charles Williams appeals from the district court's order denying his Rule 35 motion and motion for appointment of counsel. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

A jury found Williams guilty of voluntary manslaughter with a deadly weapon enhancement. The district court imposed a fifteen-year determinate sentence for voluntary manslaughter, and a consecutive unified term of fifteen years with ten years determinate for the enhancement.

Williams filed a motion to correct an illegal sentence, asserting that the district court erred in characterizing the sentence for the deadly weapon enhancement as consecutive to the voluntary manslaughter sentence. Williams also filed a motion for appointment of counsel. The district court entered an order denying both motions. Williams timely appeals.

1

## II.

## ANALYSIS

Williams asserts his sentence was illegal because the district court deliberately mischaracterized the sentence for the deadly weapon enhancement as consecutive to the sentence for the voluntary manslaughter charge.[1] An illegal sentence under Idaho Criminal Rule 35 is one in excess of a statutory provision or otherwise contrary to applicable law. *State v. Alsanea*, 138 Idaho 733, 745, 69 P.3d 153, 165 (Ct. App. 2003). The district court may correct an illegal sentence at any time. I.C.R. 35(a). In an appeal from the denial of a motion under Rule 35 to correct an illegal sentence, the question of whether the sentence imposed is illegal is a question of law freely reviewable by the appellate court. *State v. Josephson*, 124 Idaho 286, 287, 858 P.2d 825, 826 (Ct. App. 1993); *State v. Rodriguez*, 119 Idaho 895, 897, 811 P.2d 505, 507 (Ct. App. 1991).

Williams is correct that "the term 'consecutive' is inappropriate when referring to a sentence enhancement for use of a firearm." *State v. Camarillo*, 116 Idaho 413, 414, 775 P.2d 1255, 1256 (Ct. App. 1989). In *Camarillo*, this Court stated that a base sentence and weapon enhancement "should be construed as one continuous sentence," and use of the term "consecutive" in sentencing "may connote, inaccurately, the existence of two separate sentences." *Id.* However, we went on to state that "the mere choice of an inappropriate word does not give rise to Rule 35 relief, absent a showing that it has caused the enhanced sentence to be administered improperly." *Id.*

Voluntary manslaughter is punishable by a maximum sentence of fifteen years. I.C. § 18-4007(1). Use of a deadly weapon increases the maximum sentence of a voluntary manslaughter charge by fifteen years. I.C. § 19-2520. Thus, the maximum sentence for a voluntary manslaughter charge with a weapon enhancement is thirty years. In this case, the district court imposed a unified thirty-year sentence with twenty-five years determinate. This sentence is within the statutory maximums and not otherwise contrary to applicable law.

---

[1] Williams also asserts his sentence violates due process and equal protection, exceeds the maximum allowable term under Idaho Code § 19-2520, and is contrary to I.C. § 18-308. Further, Williams asserts the district court impermissibly used a weapon enhancement to extend the determinate portion of his sentence beyond the statutory maximum for the base sentence. We need not address these arguments because they were not raised below, do not have any legal substance, and do not affect our disposition.

Williams' sentence is legal despite the district court's terminology. There is no indication the district court's terminology caused improper administration of Williams' sentence. Further, whether the district court deliberately used the term "consecutive" is immaterial if the sentence was not illegal or improperly administered. Thus, Williams' sentence is not illegal and the district court correctly denied Williams' Rule 35 motion.

Williams also argues that the district court improperly denied his motion for appointment of counsel because, he asserts, his motion was not frivolous.[2] A criminal defendant has a right to counsel at all critical stages of the criminal process, including pursuit of a Rule 35 motion. I.C. §§ 19-851, 19-852; I.C.R. 44; *State v. Wade*, 125 Idaho 522, 523, 873 P.2d 167, 168 (Ct. App. 1994); *Murray v. State*, 121 Idaho 918, 923 n.3, 828 P.2d 1323, 1328 n.3 (Ct. App. 1992). However, at its discretion, the district court may deny a defendant appointed counsel in a Rule 35 motion if the court finds that the motion is frivolous. I.C. § 19-852(2)(c). A motion is frivolous if a reasonable person with adequate means would not be willing to bring the motion at his own expense. *Id.* Whether a motion is frivolous is a question of law that we freely review. *Wade*, 125 Idaho at 525, 873 P.2d at 170.

Williams asserts that a reasonable person with adequate means would bring his claim because it has "the potential to reduce the determinate portion of his sentence by up to fifteen (15) years." The district court found that Williams' Rule 35 motion was frivolous because it lacked legal merit and that "appointing counsel to help Williams flesh out or develop [his motion] would only serve to waste time and resources." We agree. There is no indication that Williams' sentence was illegal or improperly administered. Williams' desire to reduce the determinate portion of his sentence does not legitimize his claim. Thus, appointing counsel to help Williams pursue his motion would have been futile. Accordingly, the district court properly found that Williams' Rule 35 motion was frivolous and that he was not entitled to appointed counsel in arguing the motion.

---

[2] Additionally, Williams asserts the district court violated his due process and equal protection rights by denying him appointed counsel and a hearing. We need not address this argument because it was not raised below, does not have any legal substance, and does not affect our disposition.

## III.
## CONCLUSION

Williams' Rule 35 motion lacked legal merit and he was not entitled to appointed counsel in arguing the motion. The district court's order denying Williams' Rule 35 motion and motion for appointment of counsel is affirmed.

Chief Judge MELANSON and Judge GUTIERREZ **CONCUR**.